George G. ADAMS, George R. Adams,
George J. Adams, et al., Appellants,

v.

Gaye REAGAN, et al., Appellees.

No. 2–89–270–CV.

Court of Appeals of Texas,
Fort Worth.

May 30, 1990.

Jenkens & Gilchrist, William D. Sims, Jr., Brian J. Hurst and David B. Dyer, Dallas, for appellants.

Banner, Dobbs & Briley and Jack Banner, Wichita Falls, for appellees.

Before JOE SPURLOCK, II, HILL and MEYERS, JJ.

## OPINION

JOE SPURLOCK, II, Justice.

This is an appeal from an order granting appellee Gaye Reagan's Motion to Certify

this suit as a class action on behalf of herself and many others.

We affirm.

Neither party disputes the following recitation of the facts. First Mercantile Corporation ("FMC") was a financial investment company located in Wichita Falls, Texas. By advertising and soliciting, FMC encouraged residents of Texas to make deposits or purchase securities issued by the corporation. Appellants state that FMC's business was to reinvest funds placed by individual investors. Appellees contend that the shareholders of FMC caused the corporation to loan money on a wide variety of speculative loans, many of which were to ventures or entities in which the shareholders held an interest. FMC issued Investor Notes, which provided investors fixed or floating rates of return. The Investor Notes were duly licensed and approved by the Texas Securities Commission. By March 1988, approximately 1,100 individuals and entities had investments at FMC.

On March 8, 1988, FMC filed bankruptcy in the United States Bankruptcy Court for the Northern District of Texas. As a result, the Texas Securities Commission began an investigation of FMC and sent questionnaires to approximately 800 investors. On May 20, 1988, 83 former investors at FMC (appellees) filed this action against appellants, who are former officers and directors of FMC. Appellees alleged five theories of liability: (1) violations of the Texas Securities Act; (2) fraud; (3) breach of fiduciary duties; (4) breach of duty of good faith and fair dealing; and (5) negligence and gross negligence.

The trial court held an evidentiary hearing on appellees' Motion to Certify the suit as a class action on June 7, 1989. By order dated October 11, 1989, the trial court certified all 1,100 FMC investors as potential class members. This is the order on appeal. Appellants' two points of error urge that the district court abused its discretion in certifying this action as a class action under TEX.R.CIV.P. 42(a) and 42(b)(1)(A).

■■■■ This court's review of the trial court's class certification order is limited to determining if the court below abused its discretion. *Life Ins. Co. of Southwest v. Brister*, 722 S.W.2d 764, 770 (Tex.App.—Fort Worth 1986, no writ). An abuse of discretion may be found only in cases where, after searching the record, it is clear that the trial court's decision was arbitrary and unreasonable. *See Simon v. York Crane & Rigging Co., Inc.*, 739 S.W.2d 793, 795 (Tex.1987); *Landry v. Travelers Ins. Co.*, 458 S.W.2d 649, 651 (Tex.1970). We are required to view the evidence in the light most favorable to the trial court's action, and indulge in every presumption which would favor the trial court's action. *Parks v. U.S. Home Corp.*, 652 S.W.2d 479, 485 (Tex.App.—Houston [1st Dist.] 1983, writ dism'd w.o.j.).

Rule 42(a) and (b) provide as follows:

(a) Prerequisites to a Class Action. One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

. . . . .

(b) Class Actions Maintainable. An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition:

(1) the prosecution of separate actions by or against individual members of the class would create a risk of

(A) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or

(B) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests; or

(2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; or

(3) where the object of the action is the adjudication of claims which do or may affect specific property involved in the action; or

(4) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include: (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action.

TEX.R.CIV.P. 42(a) and (b).

■ Texas Rule 42 is patterned after the federal class action rule and, therefore, reference to federal case law in the absence of Texas case law is appropriate. *RSR Corp. v. Hayes,* 673 S.W.2d 928, 931–32 (Tex.App.—Dallas 1984, writ dism'd w.o. j.). In the court below, appellees were required to satisfy all four requirements of Rule 42(a) *and* further show that the proposed class falls within one of the subsections of 42(b). *Brister,* 722 S.W.2d at 770. To determine whether a class action is appropriate in this case, we will analyze the evidence under each subsection of Rule 42(a) and (b).

### RULE 42(a)(1): NUMEROSITY

There is no argument that subsection (1) of Rule 42(a) has been met, since it is undisputed that the potential class numbers between 800 and 1,100 potential participants.

### RULE 42(a)(2) & (b)(4): COMMON QUESTIONS OF LAW OR FACT

■ Appellants argue under point of error number one that appellees failed to show that they met the commonality requirements of Rule 42(a)(2) and (b)(4). Rule 42(a)(2) presents one of the elements that must be met for certification, that is, that there are questions of law or fact common to the class. TEX.R.CIV.P. 42(a)(2). Subsection (b)(4) of the Rule requires that the court find that these questions of law or fact common to the class *predominate* over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. TEX.R.CIV.P. 42(b)(4).

We stated in *Brister* that it is only where this predominance of the common issues exists that the economies of a class action can be achieved and the splintering into numerous individual trials can be avoided. *Brister,* 722 S.W.2d at 772. Questions common to the class are those questions which, when answered as to one class member, are answered as to all class members. *RSR Corp.,* 673 S.W.2d at 930; *Amoco Production Co. v. Hardy,* 628 S.W.2d 813, 816 (Tex.App.—Corpus Christi 1981, writ dism'd). The test for the court to use in evaluating the predominance issue is not whether the common issues out-number the individual issues, but instead whether common or individual issues will be the object of most of the efforts of the litigants and the court. *Republic Nat'l. Bank of Dallas v. Denton & Anderson Co.,* 68 F.R.D. 208, 215 (N.D.Tex.1975). Appellants urge that in this case the key facts are different for each investor, and as a result, the individual issues of the individual investors predominate over any common issues.

In support of their commonality argument, appellees list three separate and individually homogeneous "issues of fact or law," each of which they assert is legally sufficient to sustain the class certification. The first issue is that appellants, by scheme and design, sold and issued securities without resort to, or use of, the pro-

spectus. Appellees urge that the sale and issuance of a registered security to more than 750 different people without any use of, or disclosure by, a prospectus is a homogeneous class action based on the same facts and the same law.

Appellees' second common issue urged is that appellants, individually and collectively, caused false and misleading financial information to be disseminated to investors by way of printed Statements of Condition concerning FMC's financial circumstances. The Statement of Condition dated June 30, 1987, represents FMC to have stock, retained earnings, and surplus of $4,356,067. No adverse financial information or circumstances is disclosed in this Statement of Condition. However, eight months later, appellants placed FMC in bankruptcy. There was testimony by one of the appellants admitting that the Statements of Condition were not a full disclosure of the financial condition of FMC.

Appellees claim that the alleged false and misleading Statements of Condition were written documents received by all the class members making a uniform fact issue applicable to the entire class. The Securities Act of Texas prohibits the use of false or misleading information by a regulated issuer of securities. This is an issue of law common to the class.

The third issue supporting class certification is that appellants, by design, scheme and plan, have kept secret and failed to disseminate to investors adverse financial information and negative conditions at FMC. The omission of and failure to disclose this material concerning adverse financial information to the investors by appellants, if true, could constitute common law and security fraud. Appellees argue this is a common issue based on fact and law.

■ In cases where members of a class are, according to the plaintiff's allegations, subject to the same misrepresentations and omissions by reason of core documents pertaining to the sale of a security, the commonality requirement for class certification is met. *See Blackie v. Barrack*, 524 F.2d 891, 902 (9th Cir.1975), *cert. denied*, 429 U.S. 816, 97 S.Ct. 57, 50 L.Ed.2d 75 (1976). Furthermore, many courts have held that where members of the class are subject to the same misrepresentations or omissions by reason of common documents, or where the defendant is alleged to have engaged in a common course of conduct, the commonality requirement is met and class certification is appropriate. *See e.g. In re Diasonics Securities Litigation*, 599 F.Supp. 447, 451 (N.D.Cal.1984); *Beebe v. Pacific Realty Trust*, 99 F.R.D. 60, 65 (D.Or.1983); *In re Home–Stake Production Co. Securities*, 76 F.R.D. 351, 369 (N.D.Okla.1977); *Clark v. Cameron–Brown Co.*, 72 F.R.D. 48, 59 (M.D.N.C.1976).

■ Fraud perpetrated on numerous persons through the use of similar misrepresentations may be suitable for class action. *Brister*, 722 S.W.2d at 774. The alleged misrepresentations made by FMC which failed to disclose the accurate condition of their finances could constitute a fraud perpetrated on the investors. This type of scenario is suitable for class certification.

■ Additionally, the purpose of the court's inquiry into the substantive law issues is to determine whether the character and nature of the case satisfies the requirements of the class action rule; the purpose is not to weigh the substantive merits of each class member's claim. *Klein v. Henry S. Miller Residential Services, Inc.*, 94 F.R.D. 651, 655 (N.D.Tex.1982); *Brister*, 722 S.W.2d at 772. In this case, if appellees prevail as to any one of the common issues of fact and law, all that remains is for members of the class to prove the amount of their individual claims. However, individual computation of damages will not prevent class certification. *In re Texas Intern. Securities Litigation*, 114 F.R.D. 33, 43 (W.D.Okla.1987).

In accordance with Rule 42(b)(4), a class action will be a superior method to use for the fair and efficient adjudication of this litigation. It would be impractical to join 40 or 50 more persons as plaintiffs in this case and the management of litigation would be impossible with 1,100 plaintiffs. Additionally, repeated litigation of the com-

mon issues in dozens of individual actions would be grossly inefficient, costly and a waste of judicial resources. *Smith v. MCI Telecommunications, Corp.,* 124 F.R.D. 665, 679 (D.Kan.1989); *Joseph v. General Motors Corp.,* 109 F.R.D. 635, 642 (D.Colo. 1986).

We hold that there are questions of law or fact that are common to the class in accordance with Rule 42(a)(2), and these questions predominate over any questions affecting only individual members. We further hold that a class action is superior to other available methods for the fair and efficient adjudication of this controversy. The elements necessary to support a finding of the applicability of Rule 42(a)(2) and (b)(4) are met.

### RULE 42(a)(3): TYPICAL CLAIMS

▮▮▮▮ Under the third subsection of 42(a), appellees must show that their claims are typical of those of all FMC investors. To determine typicality, the trial court was required to make a comparison of the claims and defenses of the named plaintiffs with the claims and defenses of the entire group of FMC investors. *Pistoll v. Lynch,* 96 F.R.D. 22, 26 (D.Haw.1982). To be typical, the named plaintiffs' claims must arise from the same event or course of conduct giving rise to the claims of other class members. *In re United Energy Corp. Etc. Securities, Lit.,* 122 F.R.D. 251, 256 (C.D.Cal.1988). These claims must also be based on the same legal theory. *Id.* The presence of even an arguable defense peculiar to a named plaintiff or a small subset of the plaintiff class destroys the typicality of the class. *J.H. Cohn & Co. v. American Appraisal Assoc., Inc.,* 628 F.2d 994, 999 (7th Cir.1980). Appellants urge that the typical claims requirement fails because all members of the plaintiff class stated under oath that they did not receive a prospectus from appellants, while some admitted in answers to interrogatories that they did receive a prospectus. Further, they argue that some claimants assert oral representations were made to them, and that different claimants received "statements of condition," while others did not. Appellants argue that a jury will need to answer separate jury questions for each investor depending upon the circumstances, rather than a single question for the whole group. However, we believe that these are typical issues common to large groups of investors, albeit, in four separate categories and that nothing we have held in *Brister* precludes this conclusion. *See Brister,* 722 S.W.2d at 772.

Appellees urge that the typicality requirement is met so long as there is a *nexus* between the class representatives' claims and the common questions of fact or law which will be prosecuted in behalf of the class. *See Joseph v. General Motors Corp.,* 109 F.R.D. at 640–41. It has been recognized that the claims of the class representatives need only be typical of, not identical to common claims of the class members. *See In re Home–Stake Production Co. Securities,* 76 F.R.D. at 365, n. 7. The tenth circuit has also stated that differing fact situations of class members do not defeat typicality so long as the claims of the class representatives and class members are based on the same legal or remedial theory. *Adamson v. Bowen,* 855 F.2d 668, 676 (10th Cir.1988). Factual differences have not defeated class certification in other securities actions where the claims arose from the same legal theory. *Schwartz v. Harp,* 108 F.R.D. 279, 282 (C.D.Cal.1985).

▮▮▮ Appellants' argument that the presence of even an arguable defense peculiar to different plaintiffs destroys the entire class, is incorrect. Rule 42 merely requires that the claims of the parties are "typical" of the claims of the class. We hold that the evidence shows that appellees are typical of all FMC investors. In so holding, we rely on the decision of *In re United Energy Corp.,* which held that in securities cases, requirements of the class action rule should be liberally construed in favor of a class action. *In re United Energy Corp.,* 122 F.R.D. at 253. The fact that only some members of a class in a securities case may have relied on documents prepared by defendants was held to be insufficient to find that the named plaintiffs' claim was not typical, and that a class

issue is presented when the claims are primarily grounded on misrepresentations and omissions contained in a common core of documents. *Id.* at 256. Despite the fact that one of a variety of devices for deceit may have been used upon differing claimants, nevertheless a common thread of deceit runs through all alleged claims.

### RULE 42(a)(4): FAIR AND ADEQUATE REPRESENTATION

Appellants argue that appellees failed to show that they will fairly and adequately protect the interests of the class as required by Rule 42(a)(4). Appellants urge that adequate representation consists of two elements: (1) it must appear that the representative parties, through their attorneys, will vigorously prosecute the class claims; and (2) there must be an absence of conflict or antagonism between the interests of the named plaintiffs and those of other members of the proposed class. *See Gibb v. Delta Drilling Co.*, 104 F.R.D. 59, 75 (N.D.Tex.1984).

 In determining the adequacy requirement, the trial court must inquire into the zeal and competence of class counsel and into the willingness and ability of the representatives to take an active role in and control the litigation and to protect the interests of absentees. *Horton v. Goose Creek Independent School District,* 690 F.2d 470, 484 (5th Cir.1982), *cert. denied,* 463 U.S. 1207, 103 S.Ct. 3536, 77 L.Ed.2d 1387 (1983). Appellants urge that the professional competence of class counsel is an important issue since that inquiry bears on the broader issue of whether the representatives and their counsel together will sufficiently serve the interest of absent class members. *Gibb v. Delta Drilling Co.,* 104 F.R.D. at 75; *Hernandez v. United Fire Ins. Co.,* 79 F.R.D. 419, 428 (N.D.Ill.1978). Appellants further urge that appellees' lead counsel is a material fact witness and is ethically required to withdraw because he was an FMC investor who had an investment at the time of FMC's bankruptcy. As noted in oral argument of this case, it is up to the clients to make the complaint that their attorney has a conflict

of interest and/or is a material fact witness. That type of complaint needs to be taken care of by disciplinary action, not on an appeal from the certification of a class action. Appellants support their argument by citations to the disciplinary rules. Violation of a disciplinary rule does not give rise to a private cause of action, nor does it create any presumption that a legal duty to a client has been breached. The purpose of these rules can be abused when they are invoked by opposing parties as procedural weapons. Supreme Court of Texas, Rules Governing the State Bar of Texas art. X, sec. 9 (Texas Disciplinary Rules of Professional Conduct) Preamble: Scope sec. 15 (1990). We hold that appellants have no standing to complain of a possible conflict as they are not represented by appellees' counsel. *See Pioneer Natural Gas Co. v. Caraway,* 562 S.W.2d 284, 290 (Tex.Civ. App.—Eastland 1978, writ ref'd n.r.e.).

 Appellants further assert under Rule 42(a)(4) that appellees do not fairly represent all FMC investors because the named plaintiffs are a hand-picked group of FMC investors.

 There is evidence in the record that the class representatives were selected so as to provide "fair representation." The testimony showed that the class representatives will vigorously prosecute the class action and will not let the same be dismissed. The primary issue to be considered in whether "the representative parties will fairly and adequately protect the interest of the class" is a determination of whether any antagonism exists between the interests of the plaintiffs and those of the remainder of the class. *See Gomez v. Illinois State Board of Education,* 117 F.R.D. 394, 402 (N.D.Ill.1987). But, only a conflict that goes to the very subject matter of the litigation will defeat a party's claim of representative status. *See Michaels v. Ambassador Group Inc.,* 110 F.R.D. 84, 89–90 (E.D.N.Y.1986).

In this case, the named plaintiffs' interests are wholly consistent with the interests of the other class members because each are purchasers of the same regulated

security and each has sustained the loss of that investment. *See In re Texas Intern. Securities Litigation,* 114 F.R.D. at 45. We hold that the record reflects that appellees did show that they will fairly and adequately protect the interest of the class.

██ In summary, the record reflects that all four elements of Rule 42(a) have been met making class action certification proper. It is clear that this class is so numerous that joinder of all members would be impractical, a requirement of Rule 42(a)(1). The record shows that there are questions of law or fact common to the class pursuant to Rule 42(a)(2), and that the claims or defenses of the representative parties are typical of the claims or defenses of the class satisfying Rule 42(a)(3). Furthermore, appellees have shown that the representative parties will fairly and adequately protect the interest of the class as required by Rule 42(a)(4). We hold that the district court did not abuse its discretion in certifying this action as a class action under Rule 42(a).

### RULE 42(b)

Once all the elements in Rule 42(a) have been satisfied for class action certification, only one element of Rule 42(b) must be met. *Brister,* 722 S.W.2d at 770. The order in this case reflects that the trial court based class certification under Rule 42(b)(1)(A) and Rule 42(b)(4). We have already discussed how Rule 42(b)(4) has been satisfied in this case (see discussion under Rule 42(a)(2)). Although this is enough for class certification to be proper, we believe that Rule 42(b)(1)(A) has been met as well.

### RULE 42(b)(1)(A)

We recall that Rule 42(b)(1)(A) states: (1) the prosecution of separate actions by or against individual members of the class would create a risk of

(A) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or

██ Appellants urge that class certification was patently inappropriate under Rule 42(b)(1)(A). The trial court as part of its order found that:

the prosecution of separate actions by or against individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the defendants.

Appellants argue that federal cases have interpreted the federal counterpart to Texas Rule 42(b)(1)(A) (Federal Rule 23(b)(1)(A)) as being satisfied *only* in cases where judgments in separate suits would trap the party opposing the class in the inescapable legal quagmire of not being able to comply with one such judgment without violating the terms of another. *McBirney v. Autrey,* 106 F.R.D. 240, 245 (N.D.Tex.1985). No risk of inconsistency exists where a defendant is liable for damages to one plaintiff but not to another, since paying one claimant is not inconsistent with not paying another claimant. *Id.* As appellees are seeking only money damages, appellants urge that there is no possibility that inconsistent judgments will put appellants in the "legal quagmire" of having to satisfy one judgment in violation of another. Appellants further contend that the record is devoid of any evidence showing that Rule 42(b)(1)(A) is applicable to this case. As a result they argue the trial court abused its discretion in its certification order.

██ We note that a class action is a particularly well-suited method of adjudicating a securities fraud action because such litigation, more often than not, involves large numbers of plaintiffs whose core complaints are closely similar, if not identical. *See Blackie v. Barrack,* 524 F.2d at 902; *In re AM Intern., Inc. Securities Litigation,* 108 F.R.D. 190, 198 (S.D.N. Y.1985). Repeated litigation of the common issues in dozens or even 100 individual actions would be grossly inefficient, exorbitantly costly and a waste of precious judicial resources. *Smith v. MCI Telecommunications, Corp.,* 124 F.R.D. at 679; *Joseph v. General Motors Corp.,* 109 F.R.D. at 642. The record in this case reflects that many people represented by several different lawyers have indicated that they

intend to sue appellants if this litigation is not allowed to be maintained as a class action. While the federal counterpart to Rule 42(b)(1)(A) may be satisfied *only* where a legal quagmire would otherwise result, we feel the better Texas rule would be to permit other considerations herein discussed to support a 42(b)(1)(A) finding where to fail to certify could result in inconsistent or varying results.

If the suits are required to be litigated separately, before different juries and judges and perhaps in some different counties, absolute uniformity of results is not likely, even with the same testimony, facts and issues of law. We hold that the requirements of Rule 42(b)(1)(A) have been met since the prosecution of separate actions by or against individual members of the class would create a risk of inconsistent or varying adjudications and would establish incompatible standards of conduct for the party opposing the class. As a result, the trial court did not abuse its discretion by certifying the class under Rule 42(b)(1)(A). Appellants' first and second points of error are overruled.

Since all four elements of Rule 42(a) have been met, and two of the elements under Rule 42(b) have also been satisfied, this case is proper for class certification. Judgment affirmed.