ANGELES/QUINOCO SECURITIES CORP., Angeles Corporation, Quinoco Oil & Gas, Inc., Quinoco Resources, Inc., Quinoco Energy, Inc., Energy Development Partners, Ltd., Appellants,

v.

William A. COLLISON, Sr., Juanita Collison, et al., Appellees.

No. C14–92–00018–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Nov. 5, 1992.

Bruce H. Golden, Randall C. Owens, Houston, for appellants.

C. Henry Kollenberg, Michael M. Wilson, Houston, for appellees.

Before JUNELL, ROBERTSON and DRAUGHN, JJ.

## OPINION

ROBERTSON, Justice.

Appellants bring this interlocutory appeal from the district court's granting of appellees' motion to maintain their cause of action as a class action. TEX.R.CIV.P. 42; TEX.CIV.PRAC. & REM.CODE ANN. § 51.014(3) (Vernon Supp.1992). Appellants bring four points of error. We affirm.

The district court granted certification on behalf of the class consisting of all limited partners of the twelve Quinoco Income Partnerships (QUIP) and the six Quinoco Pension Partnerships (QPI). QUIP and QPI were limited partnerships formed from 1982 to 1985. On August 4, 1986, Energy Development Partners, Ltd. (EDP) along with the general partners of the eighteen limited partnerships made an exchange offer to the limited partners of both QUIP and QPI. Appellees are limited partners of QUIP and QPI. Appellees claim the exchange offer was unfair as to all limited partners of QUIP and QPI, and therefore, appellants breached their fiduciary duty by making the offer. Appellees allege the offer was structured and promoted for the benefit of the appellants and not in the interest of the appellees.

Our review of the trial court's determination that this case should proceed as a class action is limited to determining whether the trial court abused its discretion. *Amoco Production Co. v. Hardy*, 628 S.W.2d 813, 816 (Tex.App.—Corpus Christi 1981, writ dism'd). A trial court abuses its discretion by failing to properly apply the law to the undisputed facts. *Id.* The findings and

the determinations of the trial court should not be disturbed on appeal unless there exists a clear abuse of discretion. *Chappell Hills, Inc. v. Boatwright,* 702 S.W.2d 687, 690 (Tex.App.—Houston [14th Dist.] 1985, no writ). An abuse of discretion may be found only in cases where, after searching the record, it is clear that the trial court's decision was arbitrary and unreasonable. *Adams v. Reagan,* 791 S.W.2d 284, 287 (Tex.App.—Fort Worth 1990, no writ) (citations omitted). We are required to view the evidence in the light most favorable to the trial court's action, and indulge in every presumption which would favor the trial court's action. *Parks v. U.S. Home Corp.,* 652 S.W.2d 479, 485 (Tex.App.—Houston [1st Dist.] 1983, writ dism'd w.o.j.).

Rule 42 required the appellees to show their cause of action was suitable for class certification. Appellees had the burden to prove: (1) the number of plaintiffs were so numerous as to be impracticable to join all class members; (2) there are common questions of law or fact to the class; (3) the representative parties have claims or defenses typically common to the class; and (4) the representative parties will fairly and adequately protect the interest of the class. TEX.R.CIV.P. 42(a). In addition, the appellees had to show the action was maintainable under one of the provisions of 42(b). On October 22, 1991 a hearing was held and on December 9, 1991, the trial judge signed the order certifying the appellees' cause of action as a class action. In its order the court expressly found:

> ... the requirements of Rule 42(a)(1), (2), (3) and (4) and of Rule 42(b)(4) are satisfied. Specifically, the Court finds that (1) the class is so numerous that joinder of all common members is impracticable, (2) there are questions of law and fact common to the class, (3) the claims of the plaintiff class representatives are typical of the claims of the class, and (4) the plaintiff class representative will fairly and adequately protect the interest of the class. Further, the Court expressly finds that the questions of law and fact common to the members of the class predominate over any issues affecting

only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

Although we have been provided with the trial court's conclusions of law as recited in its order, they are not supported by findings of fact. The rules of appellate procedure provide a trial judge need not file findings of facts and conclusions of law, in connection with appealable interlocutory orders, but may do so within 30 days after the order is signed. TEX.R.APP. 42(a)(1). In *Franklin v. Donoho,* the court said that in appeals involving the question of whether the trial court abused its discretion findings of fact embody the trial judge's determinations on the controlling factual issues. 774 S.W.2d 308, 311 (Tex. App.—Austin 1989, no writ). The court carefully explained why such findings of facts were so important in appeals involving abuse of discretion:

> [i]n appeals of this kind, it is axiomatic that every presumption is indulged in favor of the trial judge's decision, and the appellant must provide an appellate record sufficient to demonstrate that the decision does indeed carry the vice of reversible error. Where, as here, the record contains no specific findings of fact, but it does contain a statement of facts and the documents introduced in evidence, the appellate court is bound to presume the trial judge found every issuable factual proposition necessary to sustain his judgment, *provided:* (1) the proposition is one raised by the pleadings and supported by the evidence; and (2) the trial judge's decision can be sustained on any reasonable theory that is consistent with the evidence and the applicable law, considering only the evidence favorable to the decision. To prevail in this situation, the appellant may show that the undisputed evidence *negatives* one or more of the elements essential to the decision; or he may show that the appellee's pleadings omit one or more of the essential elements, and that the trial was confined to the pleadings.

*Id.* (citations omitted) (emphasis in original). As in *Franklin,* the appellants do not complain of any defect in appellees' pleadings. Therefore, we must conclude the order below is presumptively correct, and that the undisputed facts do not negative any essential element of the trial court's decision to issue the order.

In their first point of error, appellants contend the trial court erred in its determination that appellees, as class representatives, would adequately represent the members of the class. In particular, appellants point to the five year delay between the filing of the lawsuit and the actual hearing for certifying the class. In support of this contention, appellants cite a litany of cases where courts have denied certification because of delay.[1]

Rule 42 requires that as soon as practicable, a determination should be made on whether a cause of action should be maintained as a class action. TEX.R.CIV.P. 42(c)(1). The federal provision is very similar. FED.R.CIV.P. 23(c)(1). The United States Supreme Court has said the failure of a named plaintiff to move for certification bears strongly on the issue of the adequacy of representation. *East Texas Motor Freight System Inc. v. Rodriguez,* 431 U.S. 395, 405, 97 S.Ct. 1891, 1897, 52 L.Ed.2d 453 (1977).

However, the court did not say delay in and of itself was enough to show inadequate representation. It is still a question for the trial judge to review and to use discretion to make the appropriate determination. Of the twelve cases cited by appellants, eight are opinions from federal district courts. These district courts used their discretion to determine the delay in each individual case justified the denial of class certification. The facts of many of the cases cited by appellants have no bearing on this case. Even if a particular case could be considered somewhat similar, our review would still be predicated on finding an abuse of discretion by the lower court.

In oral argument, counsel for appellants asked this court to hold that a delay of five years showed inadequacy of representation as a matter of law. This we cannot do. We think the determination should be made by the trial court looking at the facts of each case. Just as the facts of the cases cited by appellants caused the courts to deny certification, so have the facts of other cases involving delays as long as six years not precluded certification.[2] Therefore, the delay in this case would not set a dangerous precedent as

1. *Quintanilla v. Scientific-Atlanta, Inc.,* 1982 WL 286, 35 Fed.R.Serv.2d 123, 124–25 (N.D.Tex. 1982) (plaintiff failed to follow a local rule requiring the certification hearing to be set within 90 days of the filing of the complaint); *Sterling v. Environmental Control Bd. of N.Y.C.,* 793 F.2d 52, 58 (2nd Cir.), *cert. denied,* 479 U.S. 987, 107 S.Ct. 579, 93 L.Ed.2d 582 (1986) (motion made three and a half years after commencement of suit, and after a full trial); *Trotter v. Klincar,* 748 F.2d 1177, 1184–85 (7th Cir. 1984) (during 70–day period, plaintiff's individual claim became moot and he never moved for class certification); *Gilford v. Wilson Industries, Inc.,* 1980 WL 204, 30 Fed.R.Serv.2d 1211, 1212–13 (S.D.Tex.1980) (20 month delay after certification with no action taken by plaintiff; court decertified the class); *Goins v. Swift,* 1979 WL 15427, 30 Fed.R.Serv.2d 1209, 1210 (S.D.Tex. 1979) (complete inaction on the part of the plaintiffs for two years following the filing of the complaint); *Hardy v. Vought,* 1979 WL 117, 30 Fed.R.Serv.2d 484, 485–86 (N.D.Tex.1979) (18 month delay before seeking certification and plaintiff's counsel was dilatory in pursuing discovery); *Navarette v. Philco-Ford Corp.,* 1979 WL 20, 28 Fed.R.Serv.2d 713, 714 (S.D.Tex.1979) (failure to comply timely with court order to file motion to certify, failure to present factual basis for certification, failure to conduct adequate discovery); *Hernandez v. Armco Steel Corp.,* 1979 WL 237, 27 Fed.R.Serv.2d 1006, 1007 (S.D.Tex.1979) (after two years, failed to file motion for certification and conducted inadequate discovery); *Buckner v. Cameron Iron Works, Inc.,* 1978 WL 40, 25 Fed.R.Serv.2d 649, 650 (S.D.Tex.1978) (motion for certification filed four and one-half years after suit filed and only after mandated by the court); *see also Calaway v. Foxhall,* 603 S.W.2d 363, 364 (Tex. Civ.App.—Houston [14th Dist.] 1980, no writ) (motion for certification presented after cause had become moot).

2. *See Dura–Bilt Corp. v. Chase Manhattan Corp.,* 89 F.R.D. 87, 101 (S.D.N.Y.1981) (plaintiff waited six years to renew class action motion and only after conference call from court); *Sanders v. Lum,* 76 F.R.D. 1, 2–3 (S.D.N.Y.1976) (inadequacy of representation not found after looking at all the facts even though there was a six year delay and local rules called for hearing within sixty days of filing of claim).

predicted by counsel for appellants during argument before this court. Judicial discretion has been frequently applied where the claim of untimeliness is raised in regard to a class certification motion. *Sanders v. Lum,* 76 F.R.D. 1, 3 (S.D.N.Y.1976) (citations omitted).

Appellees argue that appellants must show more than delay alone, that they must also show prejudice by the delay. We agree that delay should only play a decisive role if it results in prejudice to the class or the opposing party. Appellants state they have been prejudiced because of the change in their business relationships and the departure of many key defense witnesses. However, a delay of six years was found not sufficiently prejudicial despite claims of fading memories and unavailability of defense witnesses. *Dura–Bilt Corp. v. Chase Manhattan Corp.,* 89 F.R.D. 87, 101–02 (S.D.N.Y.1981). Some courts have considered the defendant's failure to bring to the court's attention the delay of plaintiff's in seeking class certification as a relevant factor when considering prejudice allegedly caused by the delay. *Id.* at 102 (citing *Finley v. Parvin/Dohrmann Co., Inc.,* 520 F.2d 386, 392 (2d Cir.1975)).

Appellants allege the appellees' motion for certification contained no allegations or information other than that available to them through the prospectus which they had at the time the suit was filed. Appellants also point to the limited discovery by appellees and to the fact that the case was brought up on the lower court's dismissal docket as evidence of the appellees' failure to adequately represent the class.

Appellees responded to all of these arguments in their motions and arguments to the trial court. In their motion to retain the case on the trial court's docket, appellees noted the complex nature of the case, and the ongoing negotiations between the parties regarding matters ranging from jurisdiction to the scope of discovery. The court took these and other factors under consideration and the case was retained on the docket. These same arguments were made in reference to the motion to certify the class.

■ The court had before it several reasons why there was delay on the part of the appellees in bringing their motion for certification. Because the class-action order is presumed presumptively correct, we must assume the trial judge properly considered all relevant factors and potential prejudice and did not find it to have played a decisive role. *See Franklin v. Donoho,* 774 S.W.2d 308, 313–15 (Tex.App.—Austin 1989, no writ). We cannot find the trial judge abused his discretion as a matter of law. Appellants' first point of error is overruled.

■ In their second point of error, appellants claim there are not common questions of law or fact among the proposed class as required by Rule 42(a)(2). In their third point of error appellants claim the requirements of Rule 42(b)(4) were not met as individual questions would predominate over the questions of law common to the members of the class. Questions common to the class are those questions which, when answered as to one class member, are answered as to all class members. *Amoco Production Co.,* 628 S.W.2d at 816. The test used by the court to evaluate the predominance issue is not whether the common issues outnumber the individual issues, but instead whether common or individual issues will be the object of most of the efforts of the litigants and the court. *Adams,* 791 S.W.2d at 288.

■ Appellants argue the differences between the eighteen limited partnerships preclude certification. They point to differences that could show individual questions would predominate over common questions of law or fact. These differences range from the financial status of the individual partnerships, to the effect of the offer on each partnership, the proof required to show a breach of fiduciary duty to each partnership, the different objectives of each individual limited partner, special defenses as to some partners and the question of individual damages. None of the above preclude certification.

Appellants also focus on the differences between the "holders" and the "exchang-

ers." Their focus is misplaced. Appellees claim the appellants breached their fiduciary duty by *offering* the exchange to the limited partners. Their claim does not depend on whether a limited partner was a "holder" or an "exchanger." Appellees contend the appellants breached their fiduciary duty just by making the offer. Appellees claim appellants owed the same fiduciary duty whether a limited partner held or participated in the exchange. The alleged breach did not depend on the size of the partnership or on the effect of the deal on the partnership. Appellees claim the making of the offer itself was the breach of the fiduciary duty and this offer was set up in a way that appellants were unjustly enriched. If the jury finds the appellants breached their fiduciary duty when they *made* the offer then that finding would be the same for all class members whether they held or exchanged.

Appellants point to the varying types of damages that could be recovered if appellees succeed at trial. In *Chevron U.S.A. Inc. v. Kennedy,* the court said that "although the individual amount of [damages] may vary from class member to class member, the standard conduct of [appellants] ... [is] relative to all potential class members." 808 S.W.2d 159, 162 (Tex.App.—El Paso 1991, writ dism'd w.o.j.). In *Adams,* the court found commonality existed among the class "where members of a class are, according to plaintiff's allegations, subject to the same misrepresentations and omissions by reason of core documents." 791 S.W.2d at 289. Many courts have held that where the defendant is alleged to have engaged in a common course of conduct, the class certification requirement of commonality has been met. *Id.*

▪ Whether or not appellees will prevail on their claim of breach of fiduciary duty is not a question for the court. The purpose of the court's inquiry into the substantive law concerning appellees claims is whether the character and nature of the case are right for class certification. The court is not to weigh the substantive merits of each members claim. *Adams,* 791 S.W.2d at 289. If appellees can prove the

offer *itself* was a breach of appellants' fiduciary duty to the class and the appellants were unjustly enriched then all there would be left to prove would be the amount of the individual claims. Class certification will not be prevented just because damages must be computed separately for each member of the class. *Id.* Nor will the presence of even an arguable defense peculiar to different plaintiffs destroy the entire class. *Id.* at 290.

The record before us does not show the trial court failed to properly apply the law to the undisputed facts. Without findings of facts we cannot say the court could not find common questions of law or fact. The prerequisite of 42(a)(2) does not require that all questions of law or fact be common to the class. *Wente v. Georgia–Pacific Corp.,* 712 S.W.2d 253, 255–57 (Tex.App.— Austin 1986, no writ). The trial court's conclusions of law in its certification order states there are questions of law and fact common to the class and these questions predominate over any issues affecting only individual members. Without any findings of fact, we must look to see if this is supported by the record. The appellants had the burden to show the conclusions of law are not valid and they have failed to do so.

While there might be a question about some of the differences raised by appellants, the record is not so clear as to show the trial court's decision was arbitrary and unreasonable. Rule 42 gives the trial court the option to maintain the class as to particular issues or even as to different subclasses. In the absence of findings of facts, we cannot say what the trial judge intends to do in this respect. Finding no abuse of discretion, appellants' second and third points of error are overruled.

▪ Appellants in their fourth point of error claim certification is improper because the court would have to apply the law of fifty states due to the nature of the claim. Both appellants and appellees cite numerous decisions supporting their contentions that claims involving various state laws should or should not be certified as a class action. Both parties also do their

own detailed analysis on whether the choice of law provision in the articles of the limited partnerships should control and what state or states have the most significant relationship with the parties and the cause of action. We need not decide what law should control. We must only look to see if the trial court abused its discretion when it ordered the class certification.

█ The trial court had available to it all of the parties' arguments for and against certification, including what law should govern. In its order, the court found that a class action was superior to other available methods for the fair and efficient adjudication of the controversy. The determination of what law should govern can be developed at trial. Rule 42 gives the trial judge the ability to alter, amend or withdraw the certification at any time before final judgment. TEX.R.CIV.P. 42(c)(1). If the trial judge later decides the choice of law issue would no longer make a class action the fairest way for proper adjudication, he can amend his order. Having looked at the argument of both parties, we cannot find a clear abuse of discretion on the part of the trial judge concerning the choice of law issue. Point of error four is overruled.

The order of the trial court is affirmed.