HI–LO AUTO SUPPLY, L.P., Appellant,

v.

Charles BERESKY, Appellee.

No. 09–98–342CV.

Court of Appeals of Texas, Beaumont.

Submitted Jan. 14, 1999.

Decided Feb. 25, 1999.

---

Scott J. Atlas, Anne M. Pike, William R. Thompson, II, Michael C. Holmes, Vinson & Elkins, Houston, for appellant.

Ethan L. Shaw, Moore, Landrey, LLP, Beaumont, for appellee.

Before WALKER, C.J., BURGESS and STOVER, JJ.

## OPINION

RONALD L. WALKER, Chief Justice.

On behalf of a putative class, Charles Beresky sued Hi–Lo Auto Supply, L.P., for deceptive trade practices, breach of contract, negligence, fraud, and negligent misrepresentation, alleging Hi–Lo sold "old" and "used" automotive batteries as "new" batteries. Beresky alleges Hi–Lo developed a scheme to promote, offer, and sell as new automotive batteries that were old, used, or out of manufacturer's warranty. The trial court signed a proposed class certification order, and Hi–Lo appealed. TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(3) (Vernon Supp.1999). Hi–Lo presents six issues:

1. Whether the trial court abused its discretion in certifying this multi-state class action because Beresky's claims and defenses are not typical of the claims and defenses of the members of the putative class.

2. Whether the trial court abused its discretion in certifying this multi-state class action because Beresky cannot fairly and adequately protect the interests of the absent members of the putative class.

3. Whether the trial court abused its discretion in certifying this multi-state class action because questions of law and fact affecting only individual members of the putative class clearly predominate over any questions of law and fact common to the members of the putative class.

4. Whether the trial court abused its discretion in certifying this multi-state class action because a class action is not a superior method for the fair and efficient adjudication of any claims of the class action.

5. Whether the trial court abused its discretion in certifying this multi-state class action because Beresky does not have standing to sue individually or on behalf of the putative class.

6. Whether the trial court abused its discretion in certifying this multi-state class action because the putative class is overbroad and is not administratively feasible.

The Texas Supreme Court recognizes the benefits of class action suits:

Class action suits furnish an efficient means for numerous claimants with a common complaint to obtain a remedy "[w]here it is not economically feasible to obtain relief within the traditional framework of a multiplicity of small individual suits for damages." *Deposit Guar. Nat'l Bank v. Roper*, 445 U.S. 326, 339, 100 S.Ct. 1166, 1174, 63 L.Ed.2d 427 (1980).... Class actions also facilitate "the spreading of litigation costs among numerous litigants with similar claims." *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 403, 100 S.Ct. 1202, 1212, 63 L.Ed.2d 479 (1980).

*General Motors Corp. v. Bloyed*, 916 S.W.2d 949, 952–53 (Tex.1996).

One or more members of a class may sue as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class. TEX.R. CIV. P. 42(a).

A class action is maintainable if Rule 42(a) is met, and the trial court finds that 1) the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and 2) a class action is superior to other available methods for the fair and efficient adjudication of the controversy. TEX.R. CIV. P. 42(b)(4). The trial court considers: 1) the interest of members of the class in individually controlling the prosecution of separate actions; 2) the extent and nature of any litigation concerning the controversy already commenced by members of the class; 3) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and 4) the difficulties likely to be encountered in the management of a class action. *Id.*

■■■ We review the trial court's decision to certify a class for abuse of discretion. *Sun Coast Resources, Inc. v. Cooper*, 967 S.W.2d 525, 529 (Tex.App.—Houston [1st Dist.] 1998, pet. dism'd w.o.j.)(citing *General Motors Corp.*, 916 S.W.2d at 955 (Tex.1996)). "There is an abuse of discretion if the record clearly shows that (1) the trial court misapplied the law to the established facts, (2) the material in the record does not reasonably support the findings, or (3) the trial court acted arbitrarily or unreasonably." *Id.* (citing *Weatherly v. Deloitte & Touche*, 905 S.W.2d 642, 647 (Tex.App.—Houston [14th Dist.] 1995, writ dism'd w.o.j.), *mandamus denied*, 951 S.W.2d 394 (Tex.1997)).

■■■ Hi–Lo contends Beresky lacks standing to represent the proposed class because he cannot meet the threshold requirement of individual standing to sue. Standing is a component of subject matter jurisdiction. *Cedar Crest Funeral Home v. Lashley*, 889 S.W.2d 325, 330 (Tex.App.—Dallas 1993, no writ). Hi–Lo argues Beresky suffered no direct injury resulting from Hi–Lo's conduct. The class consists of purchasers of automotive batteries from Hi–Lo on or after May 1, 1990. Beresky purchased batteries from Hi–Lo on May 1, 1997, and July 28, 1997. Beresky alleges he purchased old, used, or out of warranty automotive batteries that were falsely advertised, installed, or sold at full price by Hi–Lo as new batteries. The peti-

tion describes a real controversy between the class and Hi–Lo, and a direct injury to Beresky who falls within the class. We hold Beresky has standing to represent the class. Issue five is overruled.

■■■ Hi–Lo contends the proposed class is not administratively feasible and is overbroad because it includes persons suffering no injury and having no standing. Hi–Lo argues the defined class of Hi–Lo battery purchasers is too broad because it includes persons who purchased "new" batteries. Hi–Lo also argues that a class defined as purchasers of "old" or "used" batteries sold as "new" is too difficult to ascertain. Thus, it argues, there is no definable class. For a class to be sufficiently definite, the identity of the class members must be ascertainable by reference to objective criteria. *Intratex Gas Co. v. Beeson*, 960 S.W.2d 389, 394 (Tex. App.—Houston [1st Dist.] 1998, pet. denied). A class composed of purchasers of batteries from Hi–Lo during a specific period of time is ascertainable by reference to objective criteria. Limiting the class definition to persons who suffered an injury requires an impermissible inquiry into the merits of each claim at a preliminary stage of the trial. *Ford Motor Co., Inc. v. Sheldon*, 965 S.W.2d 65,73–74 (Tex.App.—Austin 1998, pet. granted). The Austin Court of Appeals reasoned a class could be appropriately defined, without addressing the merits, by defining a class as persons who allege an injury. *Id.* The order entered by the trial court in this case accomplishes the same goal, as all of the class members were exposed to the same scheme, and the extent of injury to each individual may be ascertained at a later date, after the plaintiffs have completed their discovery. The trial court may then create subclasses or otherwise modify the class certification. *Dresser Industries, Inc. v. Snell*, 847 S.W.2d 367, 376 (Tex.App.—El Paso 1993, no writ). Issue six is overruled.

■■■ Hi–Lo argues the trial court abused its discretion in holding that common questions of law and fact predominate over individual questions. Appellant further argues that the common issues identified by the trial court "pale in comparison to the

myriad of individual issues." The commonality requirement does not mean all questions of law and fact must be identical. *Dresser,* 847 S.W.2d at 372. The threshold is not high, being met when at least one issue's resolution would affect the claims of all or a significant number of class members. *Ford Motor Co.,* 965 S.W.2d at 69. Class certification will not be prevented merely because damages must be determined separately for each class member. *Angeles/Quinoco Sec. Corp. v. Collison,* 841 S.W.2d 511, 516 (Tex. App.—Houston [14th Dist.] 1992, no writ). Likewise, defensive issues peculiar to different members do not destroy the entire class. *Id.* Beresky alleges Hi–Lo practices a single scheme in all of its stores. The same conduct relates to all potential class members. *Chevron U.S.A. Inc. v. Kennedy,* 808 S.W.2d 159, 162 (Tex.App.—El Paso 1991, writ dism'd w.o.j.).

■ All of the claims within the suit are substantially similar; they need not be identical or perfectly coextensive. *Cedar Crest,* 889 S.W.2d at 331. The test in evaluating the predominance issue is not whether the common issues outnumber the individual issues, but whether the court and the litigants will concentrate most of their efforts on the common or individual issues. *Microsoft Corp. v. Manning,* 914 S.W.2d 602, 611 (Tex. App.—Texarkana 1995, writ dism'd w.o.j.). The issue of whether Hi–Lo offered "old" or "used" batteries for sale as "new" throughout its chain of stores is a single unifying issue common to the entire class. Further, Hi–Lo's speculation regarding variance in the laws of Texas, Louisiana, and California, is premature, as the trial court has not yet made a choice-of-law decision and may modify the class should such issues ultimately be found to predominate. *Microsoft Corp.,* 914 S.W.2d at 613. Issue three is overruled.

■ Hi–Lo also argues that a class action is not a superior method of resolving the class members' claims because a "multitude of individual fact issues" predominate in the case, presenting management problems. The individual issues identified by Hi–Lo, however, may be resolved upon the filing of individual proofs of claim. *See Sun Coast Resources,* 967 S.W.2d at 533–34. The class

action also would avoid the repeated litigation of common issues in the individual actions, which " . . . would be grossly inefficient, costly and a waste of judicial resources . . . ." *See Reserve Life,* 917 S.W.2d at 845. Further, class actions can afford individuals the chance to seek recovery of damages for which an individual suit might otherwise be economically unfeasible; for that reason, the class action is superior because it permits claimants to obtain a resolution on the merits by means of an adversarial hearing despite the imbalance in the parties' economic positions. *Ford Motor,* 965 S.W.2d at 73. Here, as in the *Ford* case, appellant would gain the advantage of facing and possibly defeating all claimants in one action, while appellees would face the disadvantage of having only one opportunity for successful resolution. *Id.* Issue four is overruled.

■ Hi–Lo contends Beresky's claims are not typical of the claims of the putative class members. To be typical, class representatives' claims must arise from the same event or course of conduct giving rise to the claims of other class members and must also be based on the same legal theories. *Union Pacific Resources Co. v. Chilek,* 966 S.W.2d 117, 121 (Tex.App.—Austin 1998, pet. dism'd w.o.j.)(citing *Weatherly,* 905 S.W.2d at 653). Hi–Lo cites *Adams v. Reagan,* 791 S.W.2d 284, 290 (Tex.App.—Fort Worth 1990, no writ), for the proposition that "the presence of even an arguable defense peculiar to a named plaintiff or a small subset of the plaintiff class destroys the typicality of the class." While the quote is accurate, the *Adams* court stated the proposition, then promptly rejected it, holding that class members' not relying upon the same documents did not destroy typicality because a common thread of deceit ran through all alleged claims. *Id.* at 291. The requisite degree of typicality in the class representative's claims has been expressed as a substantial similarity or a nexus between the representative's injury and the injury to the class. *Union Pacific,* 966 S.W.2d at 121; *Dresser,* 847 S.W.2d at 372. Beresky's claims are typical of the claims of the class of purchasers of automotive batteries from Hi–Lo, because both stem from Hi–Lo's conduct

in selling batteries as new, when, in fact, they were not. Issue one is overruled.

Hi–Lo contends Beresky cannot fairly and adequately represent the class certified by the trial court. Adequate representation requires an absence of antagonism between the class representatives and the class members, and an assurance the representative parties will vigorously prosecute the class claims and defenses. *E & V Slack, Inc. v. Shell Oil Co.*, 969 S.W.2d 565, 568 (Tex. App.—Austin 1998, no pet.). Only a conflict that goes to the very subject matter of the litigation will defeat a party's representative status. *Rio Grande Valley Gas Co. v. City of Pharr*, 962 S.W.2d 631, 645 (Tex.App.—Corpus Christi 1997, pet. dism'd w.o.j., mandamus denied). A speculative conflict is insufficient to show an abuse of discretion by the trial court finding adequacy of representation. *Intratex Gas Co.*, 960 S.W.2d at 398. Since questions of the adequacy of representation are left to the trial court's discretion, the trial court does not abuse its discretion by basing its decision on controverted evidence. *Microsoft Corp.*, 914 S.W.2d at 615.

Hi–Lo argues suspicious conduct surrounding Beresky's battery purchases demonstrates a lack of personal integrity. Both before the trial court and on appeal, Hi–Lo made much of Beresky and class counsel being "fishing buddies." Beresky and class counsel go fishing together, but the trial court was not compelled to conclude some manner of collusion exists because Beresky socializes with lawyers, in a boat or on dry land. Hi–Lo also claims Alabama lawyers associated with Beresky's case have pursued similar suits in other jurisdictions, but the trial court was not compelled to conclude an attorney is not an appropriate class counsel because he has represented others against defendant or others in defendant's position. The trial court could have concluded counsel's previous experience showed he would vigorously pursue the class action.

Hi–Lo contends Beresky cannot adequately represent the class because the existence of defenses against his claims in particular create antagonism between Beresky and the other members of the class. When Beresky purchased an automotive battery from Hi–Lo, he decided it looked "used" and took it to class counsel within hours of purchasing the battery. Suit was filed thirteen days later. Beresky purchased a second battery from Hi–Lo after suit was filed. Also, Beresky purchased the batteries for use with his boat, and never intended to install them in an automobile. Steven Burt, whose deposition is attached to the brief Hi–Lo filed with the trial court, testified that the battery Beresky purchased on May 1, 1997, had been manufactured in November 1996, and was not "old," nor was it "used." According to Burt, the second battery was "used" at the time of sale, but Beresky purchased the battery after he filed suit alleging fraud and deceptive trade practices. Reliance is an element of some of plaintiff's claims.

Hi–Lo's argument concerning Beresky's association with lawyers, the pursuit of similar litigation in other jurisdictions, and the timing of Beresky's two battery purchases, implies class counsel selected Beresky as a plaintiff. Class certification has been approved, however, even where the class representative is the mother of a member of class counsel's firm. *Reserve Life Ins. Co. v. Kirkland*, 917 S.W.2d 836, 844 (Tex. App.—Houston [14th Dist.] 1996, no writ). Class certification has also been upheld where the class representative's knowledge of the facts of the alleged scheme to defraud originated from his attorneys. *Weatherly*, 905 S.W.2d at 654. In *Adams*, 791 S.W.2d at 291, the court held the trial court did not abuse its discretion in certifying the class, although the class representatives were admittedly "hand-picked" or selected as representatives. Adequacy of representation has also been found where a non-party formed a corporation for the express purpose of pursuing litigation, then sent 2,000 letters to royalty owners, pledged to fund the litigation, and took an assignment of recovery. *Dresser Industries*, 847 S.W.2d at 373.

Hi–Lo also contends it possesses defenses unique to Beresky because he purchased the allegedly used battery after the litigation commenced. Indeed, this fact may ultimately be an impediment to Beresky's recovery.

In *FirstCollect, Inc. v. Armstrong*, 976 S.W.2d 294 (Tex.App.—Corpus Christi 1998, pet. filed), the defendant argued the class representative had pleaded individual defenses that might result in a settlement conflicting with the interests of class members who did not possess those individual defenses. The Court recognized that neither the possibility of damages being computed individually, nor the availability of individual affirmative defenses would defeat class certification. *Id.* at 302.

In a class action filed by a former Shell dealer against Shell Oil Company, the appellate court affirmed the trial court's denial of class certification, in part because the trial court could have found a conflict between former dealers who now compete against the defendant and present dealers who rely on the defendant's goodwill. *E & V Slack*, 969 S.W.2d at 569. Here, the suspicious circumstances surrounding the class representative's involvement in the suit do not demonstrate the likelihood that he will not fairly and adequately represent the class. Hi–Lo has not shown that Beresky would be inclined to settle the suit on terms that are less than optimum for other members of the class.

 Beresky's personal integrity is a factual matter for the trial court to resolve. *See Health & Tennis Corp. of America v. Jackson*, 928 S.W.2d 583, 589 (Tex.App.—San Antonio 1996, writ dism'd w.o.j., mandamus overruled). Courts are more inclined to deny certification where there is "hard evidence of real disagreement" within the class. *Forsyth v. Lake LBJ Inv. Corp.*, 903 S.W.2d 146, 151 (Tex.App.—Austin 1995, writ dism'd w.o.j.). We find no evidence that any class members actually opposed Beresky as a class representative. If it later becomes apparent that a conflict exists, the trial court has authority to order the naming of additional parties in order to assure adequacy of representation. *Union Pacific*, 966 S.W.2d at 122. The personality and motive of the representative are not determinative of whether he will provide vigorous advocacy for the class; if he betrays the class by using his position as representative to urge personal gain over that of the class, the trial court may remove

him or he may be subject to liability for breach of fiduciary duty. *Glassell v. Ellis*, 956 S.W.2d 676, 683–84 (Tex.App.—Texarkana 1997, pet. dism'd w.o.j.).

Assuming Hi–Lo proved it is being targeted by unscrupulous plaintiffs' lawyers, the antagonism imbued within the litigation lies where it should, between the plaintiff and the defendant, not between the class representative and the members of the class. We hold the trial court did not abuse its discretion in finding Beresky to be an adequate representative of the class. Issue two is overruled.

We hold the trial court acted within its discretion in certifying the class. Accordingly, the class certification order is affirmed.

AFFIRMED.