**HEALTH & TENNIS CORPORATION OF AMERICA, Successor by Merger to Dallas Health Clubs, Inc. d/b/a Bally's, Appellant,**

v.

**Keith JACKSON and Freddie Mack, Individually and On Behalf of All Others Similarly Situated, Appellees.**

No. 04–96–00017–CV.

Court of Appeals of Texas,
San Antonio.

June 5, 1996.

Rehearing Overruled July 9, 1996.

Thomas E. Kurth, W. Alan Wright, Leila A. D'Aquin, Haynes and Boone, L.L.P., Dallas, for Appellant.

Barry Snell, Bayne, Snell & Krause, L.L.P., San Antonio, for Appellee.

Before LOPEZ, HARDBERGER and DUNCAN, JJ.

## OPINION

PER CURIAM.

This appeal is from an order certifying a class pursuant to rule 42 of the Rules of Civil Procedure. Appellant raises seven points of error asserting that the trial court abused its discretion in certifying the class and urging that appellees' counsel must be disqualified. We affirm.

## FACTS

Appellee Jackson[1] alleges that the facts are as follows: Jackson told a salesperson for Bally's (predecessor to appellant Health & Tennis Corporation) that he wanted to work out at Bally's health club on a month-to-month basis and that he did not want to enter a contract. The salesperson told him that was "no problem" and accepted his payment of $75.00. She then, however, had him sign a contract, which Jackson apparently either did not read or did not recognize as a contract. Bally's later informed Jackson that he had entered a three-year contract and that, although he had paid $75, he was only given credit for paying $25. Jackson alleges that he began to receive rude and harassing telephone calls from Bally's and then from Perimeter Credit, L.P., the company to which Bally's turned over his contract for collection. The following is a chronology of the subsequent legal actions:

February 14, 1995: Jackson sues Bally's and Perimeter Credit in County Court at Law No. 3. He alleges violations of the DTPA and the Credit Code, including allegations regarding oral misrepresentations and failure to credit his full $75 payment.

March 22, 1995: Jackson settles with Perimeter for $3000. The settlement specifically excludes Jackson's claims against Bally's.

March 29, 1995: Jackson nonsuits Perimeter from the county court at law suit.

May 7, 1995: Jackson deposes Bally's corporate representative and discovers that Bally's routinely charges monthly dues of $6.00 to those customers who purchase on credit, but no monthly dues to those who pay cash.

May 8, 1995: Jackson amends the county court at law suit to delete allegations of violations of the Credit Code. He files suit against Bally's in district court, alleging violations of the DTPA and the Credit Code. The alleged violations do not include allegations regarding oral misrepresentations and failure to credit his full $75 payment, but are limited to the charging of an excessive time-price differential in the form of "monthly dues."

June 14, 1995: Jackson abandons his cause of action arising from Bally's oral misrepresentations and dismisses the county court at law suit with prejudice.

October 30, 1995: Jackson files for class certification in the district court suit.

November 7, 1995: The district court holds a hearing on the certification motion. Although numerous exhibits (including deposition testimony) are admitted, only two witnesses testify live—Jackson and his attorney, Barry Snell.

November 8, 1995: Jackson files a Second Amended Original Petition adding a second named plaintiff—Freddie Mack.

December 11, 1995: The trial court signs an order certifying the class under TEX.R. CIV. P. 42(b)(4) and creating two subclasses. The first sub-class (the Credit

---

1. Our opinion in this case will refer only to appellee Jackson as representative of the certified class. Appellee Mack was not a named representative at the time of the certification hearing.

Code Class) includes those persons who have a claim only under the Credit Code. The second sub-class (the Credit Code/DTPA Class) includes those persons who meet the criteria of the Credit Code class, but who also signed a contract with Bally's within the DTPA statute of limitations. The court further requires that each class member's contract with Bally's show that the monthly dues plus the stated finance charges exceed the maximum time-price differential permitted under the Credit Code.

## STANDARD AND SCOPE OF REVIEW

Certification of a class requires findings that: (1) the class is so numerous that joinder of all members is impracticable (numerosity); (2) there are questions of law or fact common to the class (commonality); (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class (typicality); and (4) the representative parties will fairly and adequately protect the interests of the class (adequacy). TEX.R. CIV. P. 42(a); *Weatherly v. Deloitte & Touche,* 905 S.W.2d 642, 647 (Tex.App.— Houston [14th Dist.] 1995, dism'd w.o.j.); *Dresser Industries, Inc. v. Snell,* 847 S.W.2d 367, 372 (Tex.App.—El Paso 1993, no writ). Class certification also requires a finding of one of the four circumstances enumerated in TEX.R. CIV. P. 42(b). *Dresser Industries,* 847 S.W.2d at 372. The court in the present case found that a class action was maintainable because questions of law or fact common to the class members predominate over questions affecting only individual members and a class action is superior to other available methods for the fair and efficient adjudication of the controversy. *See* TEX.R. CIV. P. 42(b)(4).

■ The trial court's decision on a motion to certify a class is subject to review only for an abuse of discretion. *Vinson v. Texas Commerce Bank—Houston, Nat'l Ass'n,* 880 S.W.2d 820, 823 (Tex.App.—Dallas 1994, no writ); *Wente v. Georgia–Pacific Corp.,* 712 S.W.2d 253, 255 (Tex.App.—Austin 1986, no writ). Further, the reviewing court must view the evidence in the light most favorable to the trial court's ruling and

indulge every presumption in favor of that ruling. *Vinson,* 880 S.W.2d at 823; *Dresser Industries,* 847 S.W.2d at 371–72. The trial court abuses its discretion only when it fails to properly apply the law to undisputed facts, when it acts arbitrarily or unreasonably, or when its ruling is based on factual assertions not supported by material in the record. *Weatherly,* 905 S.W.2d at 648; *Vinson,* 880 S.W.2d at 823; *see also Dresser Industries,* 847 S.W.2d at 371 (acting without reference to guiding principles); *Clements v. League of United Latin American Citizens (LULAC),* 800 S.W.2d 948, 952 (Tex.App.—Corpus Christi 1990, no writ) (same). Also, we note that when the trial court determines class status at an early stage in the proceedings, it should err in favor of certification; the certification order is always subject to later modification if circumstances require it. *Clements,* 800 S.W.2d at 952; *Life Ins. Co. of the Southwest v. Brister,* 722 S.W.2d 764, 774–75 (Tex.App.—Fort Worth 1986, no writ).

■ A proponent of a class is not required to make an extensive evidentiary showing in support of the motion for certification. *Vinson,* 880 S.W.2d at 823. The trial court is not limited to evidence that would be admissible at trial, but may consider the pleadings and other material in the record. *Vinson,* 880 S.W.2d at 823.

## STANDING

■ Appellant contends that Jackson lacks standing to sue because Jackson's claim is barred by the "one satisfaction" rule. Appellant asserts Jackson has already received from his settlement with Perimeter Credit more money than he is seeking in the present action against Bally's. Thus, he cannot recover against Bally's. We acknowledge that the "one satisfaction" rule may afford appellant an affirmative defense against Jackson's claim, *see* TEX.R. CIV. P. 94, but it has no bearing on Jackson's standing to sue. "[Appellants] confuse the legal concept of standing with ability to prove the merits of a cause of action." *Dresser Industries,* 847 S.W.2d at 375. Appellant's challenge to Jackson's standing is overruled.

## TYPICALITY

Appellant contends that Jackson's claim is not typical of the claims of absent class members because (1) his claim is subject to the "one satisfaction" defense; (2) he is alleging that Bally's made oral misrepresentations to him that were not necessarily made to other class members; (3) he received a discount on his membership price; (4) he has suffered no actual damages because he defaulted on the contract and did not pay any finance charges or monthly dues; and (5) appellant has asserted a counterclaim against him.

The requirement of typicality is satisfied when the class representative demonstrates that his claims have the same essential characteristics as those of the class as a whole. *Microsoft Corp. v. Manning*, 914 S.W.2d 602, 613 (Tex.App.—Texarkana 1995, no writ); *Cedar Crest Funeral Home, Inc. v. Lashley*, 889 S.W.2d 325, 331 (Tex.App.—Dallas 1993, no writ); *Wiggins v. Enserch Exploration, Inc.*, 743 S.W.2d 332, 334–35 (Tex.App.—Dallas 1987, writ dism'd w.o.j.). "The claims need not be identical or perfectly coextensive, but only substantially similar." *Cedar Crest*, 889 S.W.2d at 331; *see also Dresser Industries*, 847 S.W.2d at 372; *Wiggins*, 743 S.W.2d at 335. Further, the claims must arise from the same event or course of conduct and must be based on the same legal theory. *Microsoft*, 914 S.W.2d at 613.

Regarding the second "distinction" set forth above, we note that Jackson is not pursuing his claim for oral misrepresentations in this action. The fact that he alleged such a claim in a prior lawsuit does not render his claim in the present lawsuit atypical. Regarding the fifth "distinction" set forth above, the mere filing of a counterclaim against a class representative cannot defeat certification of the class. The record does not reflect that the counterclaim asserted against Jackson will detract from his ability to pursue his claim for relief on behalf of the class.

Insofar as appellant asserts defenses against Jackson, it is not the duty of this court to determine the validity of those defenses or of Jackson's claims. "The proba-bility of the plaintiffs' success on the merits of their claims is an improper standard by which to measure class certification." *Microsoft*, 914 S.W.2d at 607; *accord Wiggins*, 743 S.W.2d at 335. The presence of a defense against a member of the class will not destroy the class. *Angeles/Quinoco Securities Corp. v. Collison*, 841 S.W.2d 511, 516 (Tex.App.—Houston [14th Dist.] 1992, no writ); *Adams v. Reagan*, 791 S.W.2d 284, 290 (Tex.App.—Fort Worth 1990, no writ).

As to the allegation that Jackson has not suffered any actual damages or that his damages are different than the damages of the other class members, we simply note that Jackson is not required at this stage to demonstrate his damages. *See Clements*, 800 S.W.2d at 953 (class representative need not make out a prima facie case to support certification); *Brister*, 722 S.W.2d at 772 (same). The merits of his suit are not before us, only the trial court's determination that the suit is maintainable as a class action. Further, class certification is not precluded simply "because damages must be computed separately for each member of the class." *Angeles/Quinoco Securities*, 841 S.W.2d at 516; *see also Adams*, 791 S.W.2d at 289 ("individual computation of damages will not prevent class certification").

Jackson's claim is that he entered a contract with Bally's that required him to pay monthly dues, as well as a membership fee and finance charge, which he would not have had to pay had he paid cash for the contract. He contends that the monthly dues plus the finance charges constitute a time-price differential in excess of the legal maximum. This is the same claim that is asserted on behalf of all class members. Thus, Jackson's claim has the same essential characteristics as the claims of the class as a whole; it arises from the same course of conduct and is based on the same legal theory as the claims of the absent class members. *See Microsoft*, 914 S.W.2d at 613.

## ADEQUACY OF THE REPRESENTATIVE

Appellant contends that Jackson is not an adequate representative of the class because he is not supervising his counsel, he

is not familiar with the pleadings or the facts of the case, he has not participated in any investigation of the facts, he lacks the personal integrity to be a class representative, and his attorney must be disqualified.

We first note that appellant is relying on federal cases that apply a more stringent standard than does Texas law. *See, e.g., Horton v. Goose Creek Indep. Sch. Dist.*, 677 F.2d 471 (5th Cir.1982), *opinion vacated*, 690 F.2d 470 (5th Cir.1982); *Edgington v. R.G. Dickinson & Co.*, 139 F.R.D. 183 (D.Kan. 1991); *Pellman v. Cinerama, Inc.*, 89 F.R.D. 386 (S.D.N.Y.1981). There is sufficient Texas law governing the adequacy of a class representative; we expressly decline to adopt the federal standard.

 A class representative must fairly and adequately represent the interests of the class. TEX.R. CIV. P. 42(a); *Weatherly*, 905 S.W.2d at 651; *Dresser Industries*, 847 S.W.2d at 373. The adequacy of representation is a fact question to be determined by the trial court based on the circumstances of each case. *Microsoft*, 914 S.W.2d at 614; *Dresser Industries*, 847 S.W.2d at 373. The court's determination will not be disturbed absent an abuse of discretion. *Weatherly*, 905 S.W.2d at 651; *Dresser Industries*, 847 S.W.2d at 373.

 The two requirements of adequacy are the absence of antagonism between the representative and the class members and the assurance that the representative, through his attorney, will vigorously prosecute the class claims. *See Weatherly*, 905 S.W.2d at 651; *Dresser Industries*, 847 S.W.2d at 373; *Wiggins*, 743 S.W.2d at 335. Regarding the element of antagonism, "[o]nly a conflict that goes to the very subject matter of the litigation will defeat a party's representative status." *Microsoft*, 914 S.W.2d at 614; *accord Dresser Industries*, 847 S.W.2d at 373; *Adams*, 791 S.W.2d at 291. As discussed above under the section on typicality, there is no such conflict demonstrated in this case.

 Regarding vigorous prosecution of the action, appellant complains that Jackson is not supervising his attorney and is not sufficiently knowledgeable about the case. It

relies on the Austin court's opinion in *Forsyth v. Lake LBJ Investment Corp.*, 903 S.W.2d 146 (Tex.App.—Austin 1995, writ dism'd w.o.j.). That opinion, though, specifically relies on federal authorities requiring a significant degree of participation on the part of a class representative. As noted above, we decline to follow these federal cases. Rather, we agree with the Fourteenth Court of Appeals that "class certification does not require a higher standard of involvement from a proposed class representative than from an individual plaintiff." *Weatherly*, 905 S.W.2d at 652. Further, "[t]he qualifications and experience of the class counsel is of greater consequence than the knowledge of the class representatives." *Microsoft*, 914 S.W.2d at 614; *see also Weatherly*, 905 S.W.2d at 652.

The record supports the conclusion of the trial court that Jackson is sufficiently involved in and informed about the class action to adequately represent the interests of the absent class members. As to the qualifications or experience of Jackson's attorney, appellant does not assert that counsel is not competent to pursue a class action.

Appellant also complains that Jackson lacks the personal integrity necessary to be a class representative. It cites various perceived personal transgressions such as defaulting on child support payments, defaulting on student loans, owing back federal income taxes, spending money on a new car rather than on his child support, and "running off to Alaska." Jackson disputes the characterization of each of these incidents. Insofar as there are factual disputes, those disputes were properly for the trial court to resolve. Further, the trial court was in a position to see and hear Jackson as he testified and to evaluate his personal integrity as it relates to prosecution of this lawsuit. The record does not reflect that the trial court abused its discretion in concluding that Jackson is a suitable class representative.

Finally, appellant contends that Jackson cannot be an adequate representative because his attorney, Snell, cannot provide adequate counsel. Appellant does not challenge Snell's competence or zealousness in pursuing this lawsuit. Rather, it argues that Snell

must be disqualified because he testified at the certification hearing. This issue is addressed in detail below.

## COMMONALITY

■■■■ Appellant contends that Jackson did not demonstrate sufficient commonality of issues. Rule 42(a) requires that there exist a legal or factual question common to the class. TEX.R. CIV. P. 42(a). "Questions common to the class" means questions that, when answered as to one class member, are answered as to all class members. *Weatherly*, 905 S.W.2d at 648; *Brister*, 722 S.W.2d at 772; *RSR Corp. v. Hayes*, 673 S.W.2d 928, 930 (Tex.App.—Dallas 1984, writ dism'd). The rule does not require that all or even a substantial portion of the legal and factual questions be common to the class. *Microsoft*, 914 S.W.2d at 611; *Wente*, 712 S.W.2d at 255. "A single common question could provide adequate grounds for a class action." *Microsoft*, 914 S.W.2d at 611; *see also Wente*, 712 S.W.2d at 255. It is also significant that the common issue may be one of law *or* fact; there need not be common issues of law *and* fact. *Wente*, 712 S.W.2d at 255; *see also Dresser Industries*, 847 S.W.2d at 372 (common issue of law or fact).

The common issue in the present case is whether the monthly dues constitute a time-price differential—whether they are an amount that is "payable for the privilege of purchasing goods or services to be paid for by the buyer in installments over a period of time." TEX.REV.CIV. STAT. ANN. art. 5069–6.01(h) (Vernon 1987). Once that issue is resolved as to Jackson, it will be resolved as to all class members. All that will remain will be the computation of each class member's damages.

## PREDOMINANCE OF COMMON ISSUES

■■■■ Appellant complains that Jackson did not establish that common issues will predominate over individual issues. The test to be applied in determining whether common issues predominate over individual issues is whether the court and the parties will concentrate most of their efforts on the common issues or the individual issues. *Micro-*

*soft*, 914 S.W.2d at 611; *Dresser Industries*, 847 S.W.2d at 374; *Brister*, 722 S.W.2d at 772.

In deciding whether common issues predominate, the trial court need only identify substantive law issues that will control the litigation; the court does not weigh the substantive merits of each class member's claim, nor need the class representatives make any extensive evidentiary showing of their right to prevail. Further, even in cases where it is not conclusively established that common issues predominate, the most efficient approach is for the trial court to certify the class, and if necessary after the case is developed, to dissolve the class or certify subclasses if common questions will not predominate at trial.

*Dresser Industries*, 847 S.W.2d at 375; *see also Brister*, 722 S.W.2d at 775 (court should certify class, subject to later motion to dissolve, if common issues *may* predominate).

Appellant urges that individual issues predominate over common issues as to the Credit Code class because each class member's contract will involve different terms for price, interest rate, finance charges, length of term, or waiver of dues. Thus, damages will have to be individually proven and will not be subject to mere calculation from a standard proof of claim form. As noted above, though, it appears that resolution of the common issue—whether the monthly dues constitute a time-price differential—will establish liability and entitlement to a statutory penalty. The amount of each class member's actual damages will be subject to mathematical calculation. Class certification is not precluded simply "because damages must be computed separately for each member of the class." *Angeles/Quinoco Securities*, 841 S.W.2d at 516; *see also Adams*, 791 S.W.2d at 289 ("individual computation of damages will not prevent class certification").

Appellant next complains that individual issues will predominate over common issues as to the DTPA class because each class member will have to prove that "misleading oral statements were made to him by a Bally's representative" and each member will have to testify as to his own mental anguish. The pleadings in the record do not reflect

that the DTPA class is alleging any oral misrepresentations or seeking damages for mental anguish. Appellant's complaint is wholly without merit.

## PROPRIETY OF ATTORNEY'S TESTIMONY

 Appellant complains that Jackson's attorney's testimony at the certification hearing was improper and, therefore, cannot support the certification of the class. The attorney, Snell, testified that he had examined a number of contracts that appellant produced in discovery to determine what percentage of contracts involve the time-price differential here at issue. He then applied that percentage to the estimated number of Bally's contracts in Texas to arrive at an estimate of the size of the class.

 A reviewing court does not apply "trial-related evidentiary standards" when reviewing a class certification order. *Microsoft*, 914 S.W.2d at 615. This is because the trial court may consider material presented to it that need not necessarily be evidence. *Microsoft*, 914 S.W.2d at 615; *Dresser Industries*, 847 S.W.2d at 376. Thus, whether Snell's testimony would be admissible as expert testimony does not concern us at this juncture. It is sufficient that it constitutes "material" that the trial court could consider in determining whether the class is so numerous that joinder of all members is impractical. *See* TEX.R. CIV. P. 42(a). The trial court did not abuse its discretion in considering this testimony for purposes of certification.

## DISQUALIFICATION OF ATTORNEY

 Appellant contends that Snell must be disqualified from representing Jackson and the class because he appeared as a witness at the certification hearing. Rule 3.08 of the Texas Disciplinary Rules of Professional Conduct states that a lawyer shall not continue to represent a client in an adjudicatory proceeding if he knows or believes that he will be a witness necessary to establish an essential fact on the client's behalf. This rule is subject to five enumerated exceptions, one of which allows the lawyer to continue representing the client if his testimony "will

relate solely to a matter of formality and there is no reason to believe that substantial evidence will be offered in opposition to the testimony." TEX. DISCIPLINARY R. PROF. CONDUCT 3.08(a)(5) (1990), *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G app. A (Vernon Supp.1996) (STATE BAR RULES art. X, § 9).

Each of the cases relied upon by appellant involves an attorney testifying on the merits of a lawsuit. *See Mauze v. Curry*, 861 S.W.2d 869 (Tex.1993) (attorney filed affidavit as expert witness in response to summary judgment motion); *Koch Oil Co. v. Anderson Producing, Inc.*, 883 S.W.2d 784 (Tex.App.—Beaumont 1994, *rev'd*, 929 S.W.2d 416 (Tex. 1996)) (attorney testified at trial as fact and expert witness); *Warrilow v. Norrell*, 791 S.W.2d 515 (Tex.App.—Corpus Christi 1989, writ denied) (attorney testified at trial as expert witness); *United Pacific Ins. Co. v. Zardenetta*, 661 S.W.2d 244 (Tex.App.—San Antonio 1983, orig. proceeding) (attorney would be material witness on issue of accord and satisfaction). The matters to which attorney Snell testified related solely to the procedural issue of whether the lawsuit should be certified as a class action. This is a matter of formality under the disciplinary rule and no substantial evidence was offered in opposition to the testimony. The testimony falls within the fifth exception to the disciplinary rule.

We also note that the purpose of the disciplinary rule appears to be to protect the opposing party from unfair prejudice.

> Perhaps the most common justification given for the advocate-witness rule is that when an attorney representing a party also serves as a witness and testifies as to a controversial or contested matter, there exists a potential danger that the jury will confuse the roles of counsel.

*Ayres v. Canales*, 790 S.W.2d 554, 557 n. 4 (Tex.1990). The *Ayres* court went on to hold that the party seeking disqualification must demonstrate actual prejudice resulting from the opposing lawyer's dual roles. *Id.* at 558.

Snell's testimony before the court at the certification hearing did not create the potential danger cited in *Ayres*. Further, appel-

lant has not demonstrated any actual prejudice that resulted or will result from Snell's dual roles as a witness in this preliminary matter and as attorney for Jackson and the class. We hold that Snell is not disqualified to represent Jackson or the class because of his testimony at the certification hearing.

## FACTUAL AND LEGAL INSUFFICIENCY

Appellant contends that there is no evidence or insufficient evidence to show that Jackson's claims are typical, he is an adequate representative, common issues predominate over individual issues, and the numerosity requirement has been satisfied.

 The proponent of a class is not required to make an extensive evidentiary showing to support his motion for class certification. *Weatherly,* 905 S.W.2d at 647; *Brister,* 722 S.W.2d at 773. It is sufficient that the trial court have before it sufficient material to determine the nature of the allegations and to rule on compliance with Rule 42. *Brister,* 722 S.W.2d at 773. This material need not be evidence. *Dresser Industries,* 847 S.W.2d at 376; *see also Weatherly,* 905 S.W.2d at 647 (court may base its decision on pleadings or other material in record); *Employers Cas. Co. v. Texas Ass'n of School Boards Workers' Compensation Self-Insurance Fund,* 886 S.W.2d 470, 474 (Tex.App.— Austin 1994, writ dism'd w.o.j.) (court may consider other material such as pleadings). For this reason, a complaint that there is no evidence or insufficient evidence to support a court's decision to certify a class is not appropriate. *See Employers Cas. Co.,* 886 S.W.2d at 474 n. 6.

As discussed above, the trial court did not abuse its discretion in determining that Jackson demonstrated each of the elements required for class certification.

## OVERBROAD CLASS

Appellant contends that the scope of the certification order is overbroad because the two subclasses include parties who have not suffered any actual damages. This argument would require this court to determine (1) whether there are any class members who

have not suffered actual damages and (2) whether such actual damages are necessary to maintain a cause of action under the Credit Code. The first determination involves an issue of fact that must be resolved in the trial court. The second involves an assessment of the merits of plaintiffs' causes of action. Neither inquiry is appropriate on appeal from the certification of a class.

As previously noted, courts should favor maintaining a class action, especially where certification is ordered early in the proceeding. *Dresser Industries,* 847 S.W.2d at 376. The court can always alter, amend, or withdraw the certification at a later time if it is determined that the defined class is overbroad. *Id.* At this stage of the litigation, we cannot conclude that the subclasses defined by the trial court are overbroad.

## CONCLUSION

For all of the reasons stated above, we conclude that the trial court did not abuse its discretion in certifying this lawsuit as a class action. The order of the trial court is affirmed.