NUMBER 13-99-053-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


____________________________________________________________________


SERVICE LIFE AND CASUALTY INSURANCE COMPANY, Appellant,


v.



GILBERTO ECHAVARRIA, SR. AND DOLORES

ECHAVARRIA, INDIVIDUALLY AND ON BEHALF

OF ALL OTHER PERSONS SIMILARLY SITUATED, Appellees.

____________________________________________________________________


On appeal from the 206th District Court of Hidalgo County,

Texas.

____________________________________________________________________


O P I N I O N



Before Justices Dorsey, Hinojosa, and Chavez


Opinion by Justice Hinojosa


 This is an interlocutory appeal from an order granting class
certification.(1) By five issues, appellant, Service Life and Casualty
Insurance Company ("SLCIC"), contends the trial court abused its
discretion: (1) by adopting an improper class definition; (2) by finding
the class so numerous that joinder of all members is impracticable; (3)
by finding commonality of legal and factual questions; (4) by finding
predominance of common questions over individual ones; and (5) by
finding the class representatives' claim typical of the claims of the class. 
By a sixth issue, appellant contends the granting of class certification
violates its due process rights under the Texas and U.S. Constitutions,
and its right to a jury trial under the Texas Constitution.

A. Background


 SLCIC sells credit life and disability insurance policies to
consumers who purchase automobiles and boats through various
dealers of such vehicles. SLCIC trains its agents, who are also
employees of the dealerships, how to sell the policies. Appellees,
Gilberto and Dolores Echavarria, purchased a used 1985 Suzuki Sidekick
pickup truck from Frank Smith Toyota on May 2, 1996. At the time of
the purchase, they signed a retail installment contract. Mrs. Echavarria
was the primary debtor on the contract; Mr. Echavarria was the co-signer. As part of the purchase, the Echavarrias also purchased credit
life and credit disability insurance from SLCIC.

 The uncontroverted facts show that in August 1996, Mr.
Echavarria contracted tuberculosis and became disabled. In October
1996, Toyota Motor Credit repossessed the Echavarrias' truck. The
parties disagree about the chain of events between these two
occurrences, but it is clear the Echavarrias believed, through the
representations of the SLCIC agent, that Mr. Echavarria was also
covered under the credit disability policy. The Echavarrias filed suit
against SLCIC and others, claiming SLCIC trained its sales agents to
misrepresent the policies' coverage and manipulate the application
process in order to be able to later deny coverage if a claim was made. 
On July 1, 1998, the Echavarrias filed their sixth amended class action
petition and request for class certification. After a hearing on the
motion, the trial court signed an order granting class certification.(2) The
order included findings of fact and conclusions of law.

B. Class Certification


 By interlocutory appeal, a party may complain of all matters
pertinent to the trial court's class certification. Rio Grande Valley Gas
Co. v. City of Pharr, 962 S.W.2d 631, 637 (Tex. App.--Corpus Christi
1997, writ dism'd w.o.j.). The certification order will be reversed only
if the record shows a clear abuse of discretion. Central Power & Light
Co. v. City of San Juan, 962 S.W.2d 602, 607 (Tex. App.--Corpus
Christi 1998, writ dism'd w.o.j.). We will find an abuse of discretion if
the record shows the trial court acted arbitrarily or unreasonably, or
without reference to any guiding principles. Id. (citing Downer v.
Aquamarine Operators, Inc., 701 S.W.2d 238, 242 (Tex. 1985)). A clear
failure by the trial court to analyze or apply the law correctly also
constitutes an abuse of discretion. Id. (citing Walker v. Packer, 827
S.W.2d 833, 840 (Tex. 1992)). The reviewing court must view the
evidence in the light most favorable to the trial court's ruling and
indulge every presumption in favor of that ruling. Id. (citing Health &
Tennis Corp of Am. v. Jackson, 928 S.W.2d 583, 587 (Tex. App.--San
Antonio 1996, writ dism'd w.o.j.); Vinson v. Texas Commerce Bank --
Houston, Nat'l Ass'n, 880 S.W.2d 820, 823 (Tex. App.--Dallas 1994, no
writ); Dresser Indus., Inc. v. Snell, 847 S.W.2d 367, 371-72 (Tex.
App.--El Paso 1993, no writ)).

 A member of a class may sue or be sued as a representative party
of the class only if all the requirements of rule 42(a) are satisfied. Tex.
R. Civ. P. 42(a). These requirements are:

(1) the class is so numerous that joinder of all members is
impracticable;


(2) there are questions of law or fact common to the class;


(3) the claims or defenses of the representative parties are
typical of the claims or defenses of the class; and


(4) the representative parties will fairly and adequately
protect the interests of the class. 


Id. Additionally, at least one of the enumerated requirements set forth
in rule 42(b) must be met. Tex. R. Civ. P. 42(b). The trial court found
that rule 42(b)(4) had been satisfied. That rule provides:

(b) Class Actions Maintainable. An action may be
maintained as a class action if the prerequisites of
subdivision (a) are satisfied, and in addition:


* * * * *



(4) the court finds that questions of law or fact common to
the members of the class predominate over any questions
affecting only individual members, and that a class action is
superior to other available methods for the fair and efficient
adjudication of the controversy. The matters pertinent to the
findings include: (A) the interest of members of the class in
individually controlling the prosecution or defense of
separate actions; (B) the extent and nature of any litigation
concerning the controversy already commenced by or
against members of the class; (C) the desirability or
undesirability of concentrating the litigation of the claims in
the particular forum; (D) the difficulties likely to be
encountered in the management of a class action.


Tex. R. Civ. P. 42(b)(4).

 The trial court is charged with the initial task of identifying the
substantive law issues and determining whether the character and
nature of the class satisfies the requirements of the class action
procedure. Central Power & Light, 962 S.W.2d at 608. The trial court
is not required to weigh the substantive merit of each class member's
claim. Id. Moreover, the proponent of the class is not required to make
an extensive evidentiary showing in support of the motion for
certification. Id. Accordingly, it is not necessary that the plaintiffs prove
a prima facie case of liability to be entitled to class certification. Id. In
determining whether a class action is appropriate, the trial court is not
limited to evidence that would be admissible at trial, but may consider
the pleadings and "other material" in the record. Id.




C. Adequacy of Class Definition

 By its first issue, SLCIC contends the trial court's class definition
is so vague and amorphous that it is no definition and creates a "fail-safe" class. In its order of December 18, 1998, the trial court defined
the class as:

all consumers in Texas who entered into retail installment
contracts in Texas for the purchase of goods and services,
including Service Life and Casualty Insurance Companies'
credit life and/or credit health and insurance products, which
insurance products were sold directly to the consumer by
Service Life and Casualty Insurance Company through its
agents, employees, and/or representatives from 1991 to the
present, and who allege such products were sold by means
of business practices which enable Service Life and Casualty
Insurance Company to construct a pretext to deny coverage
to each such consumer for any claim(s) made, whether or
not such consumer ever has a need to make a claim on the
insurance products purchased (emphasis added).


SLCIC contends this definition makes membership in the class
contingent upon a finding of liability against SLCIC.

 The Texas Supreme Court has recently written on the
requirements for proper class definition. Implicit in Rule 42 is the
requirement that the trial court first determine whether there is an
identifiable class, susceptible to a precise definition. Intratex Gas Co.
v. Beeson, 2000 Tex. LEXIS 23, *10-*11 (Mar. 9, 2000); see also
Graebel/Houston Movers, Inc. v. Chastain, 2000 Tex. App. LEXIS 2660,
*7 (Tex. App.--Houston [1st Dist.], April 20, 2000). For a class to be
properly defined, the class members must be clearly ascertainable by
reference to objective criteria. Ford Motor Co. v. Sheldon, 2000 Tex.
LEXIS 48, *23 (May 11, 2000); Intratex, 2000 Tex. LEXIS 23 at *13. 
While a class definition need not be so specific that every potential
member can be identified at the commencement of the action, a class
cannot be defined by criteria that are subjective or that require an
analysis of the merits of the case because class membership cannot be
presently ascertainable. Sheldon, 2000 Tex. LEXIS 48 at *23. Because
class determinations generally involve considerations that are
enmeshed in the factual and legal issues comprising the plaintiff's
cause of action, the trial court must be able to make a reasoned
determination of the certification issues. Intratex, 2000 Tex. LEXIS 23
at *16. In Intratex, the supreme court stated:

A proposed class definition that rests on the paramount
liability question cannot be objective, nor can the class
members be presently ascertained; when the class definition
is framed as a legal conclusion, the trial court has no way of
ascertaining whether a given person is a member of the
class until a determination of ultimate liability as to that
person is made. . . . Certifying a fail-safe class inevitably
creates one-sided results. If the defendant is found liable,
class membership is then ascertainable and the litigation
comes to an end. A determination that the defendant is not
liable, however, obviates the class, thereby precluding the
proposed class members from being bound by the judgment.


Intratex, 2000 Tex. LEXIS 23 at *16-*18.

 Furthermore, the use of state-of-mind language in a class
definition "serves as a shorthand method of alerting the court and the
parties that there might be difficulty in identifying class members." 
Sheldon, 2000 Tex. LEXIS 48 at *25-*26 (citing Simer v. Rios, 661 F.2d
655, 670 n. 25 (7th Cir. 1981)). Sheldon involved a class initially
defined by the trial court as purchasers of certain vehicles whose
peeling paint "was caused by a defective paint process," and then
redefined by the court of appeals as the purchasers of certain vehicles
with peeling paint "who allege the peeling or flaking was caused by a
defective paint process;" the supreme court found the trial court's
definition created an impermissible "fail-safe" class, and that the court
of appeals' definition was also defective because

there are no realistic means for the trial court to determine
which class members "allege that the peeling or flaking was
caused by a defective paint process." The trial court would
have to inquire individually into each proposed class
member's state of mind to ascertain class membership
under [this] definition.


Sheldon, 2000 Tex. LEXIS 48 at *26-*27.

 In the instant case, the class is defined as SLCIC customers "who
allege [the insurance products in question] were sold by means of
business practices which enable [SLCIC] to construct a pretext to deny
coverage." Because membership in the class, as currently defined,
depends upon a determination of each class member's state of mind,
it is unacceptable under the standards set forth in Sheldon; even if the
state-of-mind language were removed, the class definition would still
be impermissible under Intratex because it creates a "fail-safe" class. 

 Because the standards for proper class definition recently set out
by the supreme court in Intratex and Sheldon have not been satisfied,
we hold the trial court abused its discretion by certifying this class, as
defined.

 We sustain appellant's first issue. In light of our disposition of this
issue, it is not necessary that we address appellant's remaining issues. 
Tex. R. App. P. 47.1.

 "Remanding for the trial court to consider redefinition is consistent
with the trial court's discretion with regard to class certification and its
responsibility to manage a class action." Intratex, 2000 Tex. LEXIS 23
at *21 Therefore, we remand this case to the trial court for it to
determine if the definitional problems in this case can be eliminated.



 FEDERICO G. HINOJOSA

 Justice


Do not publish. Tex. R. App. P. 47.3.


Opinion delivered and filed this 

the 17th day of August, 2000.


1. Tex. Civ. Prac. & Rem. Code Ann. § 51.014 (3) (Vernon 1998).
2. The trial court signed this order on December 11, 1998. On December 18,
1998, the court signed a second order because a time limitation had been
inadvertently omitted from the original order.