NUMBER
13-00-289-CV





COURT OF APPEALS





THIRTEENTH DISTRICT OF TEXAS





CORPUS CHRISTI

____________________________________________________________________




NORTH AMERICAN 

CONSULTANTS, INC., Appellant, 



v.





D.A. MACLENNAN,
 D.C., INDIVIDUALLY AND AS 

CLASS REPRESENTATIVE OF ALL PERSONS
SIMILARLY SITUATED, Appellee. 

____________________________________________________________________




On appeal from the
130th District Court of Matagorda
 County, Texas. 

____________________________________________________________________




O P I N I O N

Before Justices
Hinojosa, Yañez, and Chavez 

Opinion by Justice Yañez

This is an interlocutory appeal from an order certifying a class of
individual chiropractors alleging claims of defamation and tortious
interference against appellant, North American Consultants, Inc.
("NAC"), a company that reviews medical and billing records for
insurance carriers. Because the trial court's certification order does not meet
the requirements recently articulated by the Texas Supreme Court, we reverse
and remand to the trial court. See Southwestern Ref. Co., Inc. v. Bernal,
22 S.W.3d 425, 435 (Tex. 2000).(1) 

Appellee, D. A. MacLennan
("MacLennan"), is a chiropractor who
treated a patient, Michael Garcia, and submitted a bill for chiropractic
services to Farmers Insurance Company ("Farmers") requesting payment.
NAC reviews patients' records and provides opinions in the form of
"retrospective reviews" concerning bills submitted by medical service
providers for payment. MacLennan alleges that NAC's opinions to Farmers regarding the
"reasonableness" of certain charges and the "medical
necessity" of certain chiropractic treatments constitutes defamation and tortious interference in his personal service contract with
his patient. 

Background

Garcia received chiropractic treatment from MacLennan
in connection with injuries he received in an automobile accident. Garcia's
attorney, Lynn Grebe, forwarded Garcia's medical bills, including those
submitted by MacLennan, to Farmers for payment under
an automobile insurance policy. Following a review, Farmers forwarded the bills
to NAC for a retrospective review concerning the reasonableness of the charges
and the medical necessity of the treatment provided. A chiropractor retained by
NAC reviewed the bills and issued a report to Farmers, dated January 22, 1998, stating that of the
$2,410 in charges submitted by MacLennan, $1,275 was
for treatment which was "not medically necessary." Farmers sent the
report to Grebe, who, in turn, forwarded it to MacLennan
for a response. MacLennan provided additional
information regarding treatment, and asked for reconsideration. NAC issued a
second report, dated February 20, 1998,
which, like the first report, characterized $1,275 as for treatment "not
medically necessary." The opinions in the February 20, 1998 report form the basis of MacLennan's claims for defamation and tortious
interference.(2) 

MacLennan filed a class action lawsuit on behalf
of all similarly situated chiropractors, alleging that NAC's
reports constitute defamation.(3) After NAC
moved for summary judgment, MacLennan filed an
amended petition, adding a cause of action for tortious
interference in the doctor-patient relationship. The trial court denied NAC's motion for summary judgment. 

MacLennan submitted a motion for class
certification, and without a hearing, the trial court issued a certification
order on April 14, 2000, certifying a class of "[a]ll
chiropractors whose treatment of patients has been the subject of a report by defendant,
North American Consultants, Inc., to any person other than the
chiropractor." This interlocutory appeal followed. 

By three issues, NAC contends: (1) the trial court abused its discretion by
certifying a class of plaintiffs asserting individual defamation and tortious interference claims; (2) MacLennan
failed to show that the numerosity, typicality,
commonality, adequacy, and predominance requirements of Texas Rule of Civil
Procedure 42 are satisfied; and (3) the trial court erred by improperly certifying
a broad class, because the class is defined by the ultimate issue of liability;
is not limited to the applicable one-year limitations period; is unlimited in
scope; and includes instances in which reviews are allowed, or even required,
by Texas or federal law. MacLennan argues that the
common issue, i.e., whether a statement to a third party, to the
effect that a chiropractor gives a patient medically unnecessary treatment, is
defamatory, predominates over any individual issues of class members. He also
argues that NAC waived its argument that individual issues predominate because
it refused discovery concerning the nature of the individual issues. 

Standard of Review 

An appellate court reviews a trial court's determination
that a case should be certified as a class action using an abuse of discretion
standard. Monsanto Co. v. Davis, 25 S.W.3d 773, 781
(Tex. App.--Waco 2000, no pet.); Health & Tennis Corp. of Am. v.
Jackson, 928 S.W.2d 583, 587 (Tex. App.--San Antonio 1996, writ dism'd w.o.j.). The trial
court abuses its discretion when it does not properly apply the law to the
undisputed facts, when it acts arbitrarily or unreasonably, or when its ruling
is based on factual assertions unsupported by the record. Monsanto, 25 S.W.3d at 781. In reviewing the trial court's ruling on
certification, an appellate court is required to view the evidence in a light
most favorable to the trial court's action and indulge every presumption in
favor of the trial court's ruling. See Spera v. Fleming, Hovenkamp,
& Grayson, 4 S.W.3d 805, 810 (Tex. App.--Houston [14th Dist.] 1999, no
pet.); Rainbow Group, Ltd. v. Johnson, 990 S.W.2d 351, 356 (Tex.
App.--Austin 1999, pet. dism'd). 

Class
Certification

To merit certification, a class action must satisfy each of the four threshold
requirements of Texas Rule of Procedure 42(a): (1) numerosity
("the class is so numerous that joinder of all
members is impracticable"); (2) commonality ("there are questions of
law or fact common to the class"); (3) typicality ("the claims or defenses
of the representative parties are typical of the claims or defenses of the
class"); and (4) adequacy of representation ("the representative
parties will fairly and adequately protect the interests of the class"). See Tex. R. Civ. P. 42(a); Bernal,
22 S.W.3d at 433; Nissan Motor Co., Ltd. v. Fry, 27 S.W.3d 573,
581 (Tex. App.--Corpus Christi 2000, pet. filed). In addition to these
prerequisites, the class action must satisfy at least one of the subsections of
rule 42(b). Bernal, 22 S.W.3d at 433. At the
certification stage, the burden of proof is on the
plaintiffs to establish their right to maintain an action as a class action. See Life Ins. Co. of the Southwest v. Brister,
722 S.W.2d 764, 770 (Tex. App.--Fort Worth 1986, no writ). 

The trial court found that MacLellan not only met
the four threshold requirements for class certification under rule 42(a), but
also satisfied the requirements of rule 42(b)(4),
which requires common questions of law or fact to predominate over any
questions affecting only individual members and that a class action is superior
to other available methods for fair and efficient adjudication of the
controversy. Tex. R. Civ. P. 42(b)(4). 

Discussion

NAC contends generally that the trial court abused its discretion by
certifying a class of plaintiffs asserting individual defamation and tortious interference claims. NAC argues that certification
of a class of defamation plaintiffs is inappropriate because defamation is a
personal injury cause of action involving highly individualistic
determinations, such as an analysis of truth and falsity and "damage to
reputation" injuries. In the present case, MacLellan
alleged that the opinions expressed in the retrospective review report were
false, intentionally made, and caused personal injuries in the form of damage
to reputation, mental anguish, humiliation, and embarrassment. NAC argues that
the resolution of such claims requires highly case-specific determinations. It
also argues that highly specific fact-intensive inquiries will be required to
determine for each claimant the applicability of various affirmative defenses
to defamation, such as truth, mere opinion, not defamatory as a matter of law,
the doctrine of invitation/consent, the "defamation-proof plaintiff,"
judicial privilege, and qualified privilege. NAC contends that because
resolving such individual issues will result in a series of mini-trials, common
issues do not predominate over individual issues and rule 42(b)(4)'s
predominance requirement is not met. 

MacLellan contends NAC waived its predominance
argument because it refused discovery of evidence concerning the nature of
individual issues. However, MacLellan cites no
authority in support of its waiver argument and therefore, we do not address
it. See Tex. R. App. P.
38.1(h), 38.2. 

In Bernal, the Texas Supreme Court noted that rule 42(b)(4)'s predominance requirement is "one of the most
stringent prerequisites to class certification." Bernal,
22 S.W.3d at 433. Courts determine if common issues predominate by
identifying the substantive issues of the case that will control the outcome of
the litigation, assessing which issues will predominate, and determining if the
predominating issues are, in fact, those common to the class. Id. at
434. The test for predominance is not whether common issues outnumber
uncommon issues but, "whether common or individual issues will be the
object of most of the efforts of the litigants and the court." Id.
Common issues do not predominate if, after common issues are resolved,
presenting and resolving individual issues is likely to be an overwhelming or
unmanageable task for a single jury. Id.
Ideally, "a judgment in favor of the class members should decisively
settle the entire controversy, and all that should remain is for other members
of the class to file proof of their claim." Id.
"The predominance requirement is intended to prevent class action
litigation when the sheer complexity and diversity of the individual issues
would overwhelm or confuse a jury or severely compromise a party's ability to
present viable claims or defenses." Id.


Before a reviewing court can determine whether individual issues predominate
over common ones, it must consider how to apply the predominance requirement. Id.
The Bernal court expressly rejected the "certify now and worry
later" approach to class certification, concluding that a cautious
approach to class certification is essential. Id. at
435. Therefore, it is improper to certify a class without knowing how
the claims can and will likely be tried. Id.
"A trial court's certification order must indicate how the claims will
likely be tried so that conformance with Rule 42 can
be meaningfully evaluated." Id. (emphasis added); see also
Nissan, 27 S.W.3d at 592 ("Bernal clearly requires that the
certification order contain a plan for dealing with individual issues, and for
the specifics of the plan to be considered by the trial court in determining
whether common issues will predominate over individual issues."). 

Here, the certification order stated, in part, as follows: 

It is ORDERED, ADJUDGED, and DECREED that this case be certified as a class
action in that 1) the class is so numerous that joinder
of all members is impractical; 2) there are questions of fact and law common to
the class; 3) the claims of the representative party, D. A. MacLellan,
D.C., are typical of the claims of the class; and 4) the class representative,
D. A. MacLellan, D.C., will fairly and adequately
represent the class. 

It is ORDERED, ADJUDGED, and DECREED that this case be certified as a class
action as to defendant, North American Consultants, Inc. 



It is ORDERED, ADJUDGED, and DECREED that this case be certified under Tex.
R. Civ. P. 42(b)(4). 



Thus, the trial court, acting before the Texas Supreme Court's ruling in Bernal,
did not indicate in its certification order how the class claims in this case
are likely to be tried. The certification order clearly fails to identify the
causes of action, how those causes of action would be tried, or the substantive
issues that would control the outcome of the case. Absent a trial plan or other
indication in the certification order describing how the class claims against
NAC will likely be tried, this Court cannot perform a meaningful evaluation to
ensure that rule 42's requirements have been satisfied. Because it is improper
to certify a class without including this information in the certification
order, we reverse and remand the trial court's order of certification for
compliance with the Texas Supreme Court's requirements in Bernal. 





LINDA REYNA YAÑEZ 

Justice 







Do not publish. Tex. R. App.
P. 47.3. 



Opinion delivered and filed this the 

7th day of December, 2000. 

1. The trial court's class certification order was signed
April 14, 2000. The Texas
Supreme Court issued its decision in Southwestern Ref. Co., Inc. v. Bernal,
22 S.W.3d 425, 435 (Tex. 2000), on May 11, 2000. Thus, the trial court granted
the certification order without the benefit of the supreme
court's ruling in Bernal. 

2. MacLennan's lawsuit was
filed on February 24, 1999.
Accordingly, the January 22, 1998
report is outside the one-year limitations period for defamation and cannot
form the basis for MacLennan's claims. See Tex.
Civ. Prac. & Rem. Code Ann. § 16.002 (Vernon Supp.
2000). 

3. MacLennan initially filed
suit against both NAC and Farmers. Farmers was
subsequently non-suited.