**REYNOLDS METALS COMPANY,**
**Appellant,**

v.

**Leslie MUMPHORD and Cathedral of the Palm, Appellees.**

**No. 13–00–321–CV.**

Court of Appeals of Texas,
Corpus Christi.

May 3, 2001.

Jorge C. Rangel, Law Offices of Jorge C. Rangel, Corpus Christi, Mike A. Hatchell, Hatchell P.C., Tyler, for Appellant.

Douglas A. Allison, Huerta, Hastings, Allison, L.l.p., Corpus Christi, for Appellees.

Before Chief Justice VALDEZ and Justices HINOJOSA and RODRIGUEZ.

## OPINION

Opinion by Justice HINOJOSA.

This is an interlocutory appeal from the trial court's order certifying a class.[1] In five issues, appellant, Reynolds Metals

---

1. A party may complain of all matters pertaining to a class action certification by interlocutory appeal. TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(3) (Vernon Supp.2001); *Nissan Motor Co., Ltd. v. Fry*, 27 S.W.3d 573 (Tex. App.—Corpus Christi 2000, pct. denied); *Central Power & Light Co. v. City of San Juan*, 962 S.W.2d 602, 607 (Tex.App.—Corpus Christi 1998, pet. dism'd w.o.j.).

Company ("Reynolds Metals"), contends the trial court erred in certifying the class because of the lack of classwide impact, the failure of common issues to predominate, the unmanageability of the class, and the lack of a trial plan showing how class claims are to be tried. We remand this case to the trial court for a new determination of whether class certification is appropriate.

## A. BACKGROUND

Various plaintiffs who sold recyclable metals to Reynolds Metals and Commercial Metals Company ("Commercial Metals") sued Reynolds Metals, Commercial Metals and Kenneth Hobbs,[2] alleging the defendants violated numerous provisions of the Texas Free Enterprise and Antitrust Act of 1983 ("TFEAA"). *See* TEX. BUS. & COMM.CODE ANN. § 15.01 (Vernon 1987). Specifically, they alleged that Reynolds Metals and Commercial Metals conspired to drive three other companies out of the scrap metal business by paying sellers of used beverage containers ("UBCs") an above-market-average price.[3] The plaintiffs further alleged that after driving their competitors out of the UBC market, Reynolds Metals and Commercial Metals began to pay UBC sellers below-market-average prices to recoup the profits lost while driving their competitors out of the business.[4] The plaintiffs alleged the defendants violated the TFEAA by:

(1) entering into a contract, combination, or conspiracy in restraint of trade or commerce (TEX. BUS. & COMM.CODE ANN. § 15.05(a) (Vernon Supp.2001));

(2) engaging in conduct to monopolize, attempting to monopolize, or conspiring to monopolize any part of trade or commerce (TEX. BUS. & COMM.CODE ANN. § 15.05(b) (Vernon Supp.2001)); and

(3) engaging in conduct to acquire, directly or indirectly, the whole or part of the stock or other share capital or the assets of any other person or persons, where the effect of such acquisition may be to lessen competition substantially in any line of trade or commerce (TEX. BUS. & COMM.CODE ANN. § 15.05(d)(Vernon Supp.2001)).

In a successful suit under the TFEAA, the plaintiffs may recover actual damages, interest on actual damages, costs and attorney's fees. TEX. BUS. & COMM.CODE ANN. § 15.21(a)(1)(Vernon 1987). Upon a finding by the trier of fact that the unlawful conduct was willful or flagrant, as appellees have alleged, the plaintiffs may also recover statutory damages of treble the actual damages, costs and attorney's fees. *Id.*

Upon motion by the plaintiffs, the trial court found that the requirements of Texas Rules of Civil Procedure 42(a) and 42(b)(4) had been met, and certified a class defined as:

[a]ll recyclers who sold UBCs to Commercial Metal Company or Reynolds Metals Company in Nueces County, Texas or Kingsville, Texas in quantities less than 500 pounds per transaction, and limited to the time period beginning February, 1993 through August, 1996.

---

**2.** Kenneth Hobbs is an employee of Commercial Metals. Neither Commercial Metals nor Hobbs are parties to this appeal.

**3.** This is referred to by the plaintiffs as the "predatory phase."

**4.** This is referred to by the plaintiffs as the "recoupment phase ."

The court named appellees, Leslie Mumphord and the Cathedral of the Palms, as class representatives.

### B. STANDARD OF REVIEW

It is well established that a trial court has broad discretion in determining whether to grant or deny class certification. *Entex v. City of Pearland,* 990 S.W.2d 904, 909 (Tex.App.—Houston [14th Dist.] 1999, no pet.); *Union Pac. Res. Co. v. Chilek,* 966 S.W.2d 117, 120 (Tex.App.—Austin 1998, pet. dism'd w.o.j.). A class certification order will be reversed only if the record shows a clear abuse of discretion. *General Motors v. Bloyed,* 916 S.W.2d 949, 955 (Tex.1996); *FirstCollect, Inc. v. Armstrong,* 976 S.W.2d 294, 298 (Tex.App.—Corpus Christi 1998, pet. dism'd w.o.j.); *Chilek,* 966 S.W.2d at 120; *Central Power & Light,* 962 S.W.2d at 607. A trial court abuses its discretion if it acts arbitrarily, unreasonably or without reference to any guiding principles. *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 242 (Tex.1985); *Entex,* 990 S.W.2d at 909; *FirstCollect,* 976 S.W.2d at 298.

A trial court also abuses its discretion when it fails to properly apply the law to undisputed facts, or when its ruling is based on factual assertions not supported by material in the record. *Texas Commerce Bank Nat'l Ass'n v. Wood,* 994 S.W.2d 796, 801 (Tex.App.—Corpus Christi 1999, pet. dism'd); *Hi–Lo Auto Supply, L.P. v. Beresky,* 986 S.W.2d 382, 386 (Tex.App.—Beaumont 1999, writ mand. denied). On appeal, the reviewing court must view the evidence in the light most favorable to the trial court's ruling and indulge every presumption in favor of that ruling. *Wood,* 994 S.W.2d at 801; *Entex,* 990 S.W.2d at 908; *FirstCollect,* 976 S.W.2d at 299. In applying this standard, the reviewing court must defer to the trial court's factual determinations, so long as they are properly supported by the record, while reviewing its legal determinations *de novo.* *Entex,* 990 S.W.2d at 909; *Remington Arms Co., Inc. v. Luna,* 966 S.W.2d 641, 643 (Tex.App.—San Antonio 1998, pet. denied).

### C. GENERAL REQUIREMENTS FOR CLASS CERTIFICATION

Class action suits furnish an efficient means for numerous claimants with a common complaint to obtain a remedy where it is not economically feasible to obtain relief within the traditional framework of a multiplicity of small individual suits for damages. *Bloyed,* 916 S.W.2d at 952–53 (*citing Deposit Guar. Nat'l Bank v. Roper,* 445 U.S. 326, 339, 100 S.Ct. 1166, 63 L.Ed.2d 427 (1980)). Class actions also facilitate the spreading of litigation costs among numerous litigants with similar claims. *Bloyed,* 916 S.W.2d at 952–53 (*citing U.S. Parole Comm'n v. Geraghty,* 445 U.S. 388, 403, 100 S.Ct. 1202, 63 L.Ed.2d 479 (1980)). However, even though it is an efficient device, there is no right to litigate a claim as a class action; rule 42 provides only that the court may certify a class action if the plaintiff satisfies the requirements of the rule. *Ford Motor Co. v. Sheldon,* 22 S.W.3d 444, 452–53 (Tex.2000) (citing *Weatherly v. Deloitte & Touche,* 905 S.W.2d 642, 647 (Tex.App.—Houston [14th Dist.] 1995, writ dism'd w.o.j.), *mand. denied,* 951 S.W.2d 394 (Tex.1997)). The class action format must not unduly restrict a party from presenting viable claims or defenses without that party's consent. *Southwestern Refining Co. v. Bernal,* 22 S.W.3d 425, 437 (Tex.2000) (citing TEX.R. CIV. P. 815 and TEX. GOV'T CODE § 22.004(a) (state procedural rules may not abridge, enlarge, or modify the substantive rights of a litigant)). The class action device is not meant to alter the parties' burden of proof, right to a jury trial, or the

substantive prerequisites to recovery. *Bernal,* 22 S.W.3d at 437.

All class actions must satisfy four threshold requirements: (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy of representation. *Id.* at 433. These requirements are set out in Texas Rule of Civil Procedure 42(a), which provides:

(1) the class is so numerous that joinder of all members is impracticable;

(2) there are questions of law or fact common to the class;

(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

(4) the representative parties will fairly and adequately protect the interests of the class.

Tex.R. Civ. P. 42(a).

Additionally, at least one of the enumerated requirements set out in rule 42(b) must be met. Tex.R. Civ. P. 42(b); *Bernal,* 22 S.W.3d at 433. In this case, the trial court found that the requirements of rule 42(b)(4) were met. Rule 42(b)(4) provides:

(b) **Class Actions Maintainable.** An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition

\* \* \* \* \*

(4) the court finds that questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings

include: (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action.

Tex.R. Civ. P. 42(b)(4).[5]

■■ The trial court is charged with the initial task of identifying the substantive law issues and determining whether the character and nature of the class satisfies the requirements of class action. *FirstCollect,* 976 S.W.2d at 299; *Central Power & Light,* 962 S.W.2d at 608; *Rio Grande Valley Gas Co. v. City of Pharr,* 962 S.W.2d 631, 640 (Tex.App.—Corpus Christi 1997, pet. dism'd). The plaintiffs' right to proceed as a class may be established by materials which need not meet all the requirements of admissibility at trial. *Wood,* 994 S.W.2d at 801; *Health & Tennis Corp. of Am. v. Jackson,* 928 S.W.2d 583, 587 (Tex.App.—San Antonio 1996, writ dism'd w.o.j.); *Vinson v. Texas Commerce Bank,* 880 S.W.2d 820 (Tex. App.—Dallas 1994, no writ); *Dresser Indus., Inc. v. Snell,* 847 S.W.2d 367, 376 (Tex.App.—El Paso 1993, no writ). In *Bernal,* the supreme court stated:

it is improper to certify a class without knowing how the claims can and will likely be tried. A trial court's certification order must indicate how the claims will likely be tried so that conformance with Rule 42 may be meaningfully evaluated. "Given the plaintiffs' burden, a

---

**5.** Appellees pleaded that the requisites of rule 42(b)(1) were also met. Rule 42(b)(1) permits certification of a class when the plaintiffs show that prosecution of separate actions by

different plaintiffs creates a risk of varying adjudications. *See* Tex R. Civ. P. 42(b)(1). However, the trial court found only that the requirements of rule 42(b)(4) had been met.

court cannot rely on [mere] assurances of counsel that any problems with predominance or superiority can be overcome." To make a proper analysis, "going beyond the pleadings is necessary, as a court must understand the claims, defenses, relevant facts, and applicable substantive law in order to make a meaningful determination of the certification issues." Any proposal to expedite resolving individual issues must not unduly restrict a party from presenting viable claims or defenses without that party's consent. If it is not determinable from the outset that the individual issues can be considered in a manageable, time-efficient, yet fair manner, then certification is not appropriate.

*Bernal*, 22 S.W.3d at 435–36; *see also Nissan Motor Co., Ltd. v. Fry*, 27 S.W.3d 573, 591–92 (Tex.App.—Corpus Christi 2000, pet. denied).

### D. Lack of a Trial Plan

In its fifth issue, Reynolds Metals contends the trial court erred because the certification order does not include a trial plan showing how individual claims will likely be tried.

■ *Bernal* clearly requires that the certification order contain a plan for dealing with individual issues, and for the specifics of the plan to be considered by the trial court in determining whether the rule 42 requirements of predominance of common issues over individual ones and superiority of the class action method have been met. *See Bernal*, 22 S.W.3d at 435; *see also Nissan*, 27 S.W.3d at 592.

■ The record reflects that the trial court issued its certification order before the supreme court issued *Bernal.* We do not fault the trial court for failing to predict that a trial plan would be later mandated by the Texas Supreme Court. However, because predominance of common issues over individual ones and superiority of the class action method are hotly contested in this case, we conclude that a trial plan is necessary. We sustain Reynolds Metals' fifth issue.

In light of our disposition of this issue, we decline to address Reynolds Metals' remaining issues at this time. Tex.R.App. P. 47.1.

We remand this case to the trial court for a new determination of whether, under the *Bernal* standards, class certification is appropriate. *See Bernal*, 22 S.W.3d at 435; *see also Nissan*, 27 S.W.3d at 592.